TURNER v. INTERSTATE B. & L. ASSOCIATION.

1. DEMURRER—RES JUDICATA—PRACTICE.—When a demurrer, that a complaint does not state facts sufficient to constitute a cause of action, has been once made and overruled, it cannot be renewed at any subsequent trial on the same or any other specifications.

2. B. & L. ASSOCIATION—USURY.—The contract in question must be enforced under the laws of Georgia, and under them it is not usurious. Following *Association* v. *Hoffman*, 50 S. C., 303, and *Association* v. *Vance*, 49 S. C., 402.

Before BUCHANAN, J., Edgefield, February, 1897. Reversed.

Action by Wiley H. Turner and Kate M. Grice against Interstate Building and Loan Association, of Columbus, Ga. The facts are as follows:

Mrs. Rebecca M. Jones, on the 15th day of January, 1890, subscribed for twenty shares of stock in the defendant's company, and paid therefor as admission charges $20, and she thereafter paid monthly instalments upon said stock—the sum of $12—until the fifteenth day of May, 1890, at which time the defendant loaned to her upon her bond the sum of $1,000, which said bond was secured by

the assignment of said shares of stock in said company, and a mortgage of certain real estate of Mrs. Jones, described in the complaint. After said loan, Mrs. Jones paid to the defendants the sum of $17 per month, from and including June 15, 1890, to and including February 15, 1892, of which sum $12 per month was called instalment dues, and $5 per month was called interest. That from and including March, 1892, up to and including October, 1892, the said Rebecca M. Jones paid to the defendants the monthly sum of $19 per month, of which sum $12 was called instalment, and $5 interest, and $2 fines. On the 12th day of November, 1892, the said Rebecca M. Jones conveyed to the plaintiffs the real estate covered by her said mortgage, and also transferred and assigned to them her right and interest in the shares of the stock to which she had subscribed in the defendants' company, as above stated; the plaintiffs assuming to pay to the defendants the balance of the debt of said Rebecca M. Jones in the instalment and interest as stated, to which arrangements defendants consented, and thereafter recognized and dealt with the plaintiffs as the subscribers to said stock and payees of said bond. The plaintiffs did therefrom and including the month of November, 1892, and up to and including the month of March, 1895, pay to the defendants the monthly sum of $17, of which amount $12 was called instalment dues, and $5 was called interest. In March, 1895, the plaintiffs desired to pay off said bond in full, and so notified the defendants, who consented to then accept payment and discharge the mortgage, and rendered a statement to the plaintiffs, calling for a balance on said bond of $591.90. The plaintiffs objected to said amount, stating that the debt was not so much, but the defendants refused to cancel the mortgage, unless said amount was paid, whereupon the plaintiffs paid the same under protest. The bond and mortgage were then duly marked satisfied and given to the plaintiffs. In July, 1895, the plaintiffs instituted this action against the defendants, claiming that the defendants had exacted and received usurious interest

upon said bond, and that they were thereby guilty of violating the usury laws of this State, and had by reason thereof forfeited to, and were liable to, the plaintiffs in a sum twice the amount of said usurious interest, which amount of the illegal interest was definitely fixed in the complaint by amendment at the sum of $440.41, and judgment is asked for $880.82, being twice the sum alleged to have been so illegally exacted and received by the defendants, and which the plaintiffs claim as a forfeiture under sec. 1391 of the Revised Statutes.

The bond of Mrs. Jones contains the following conditions: "Now, the condition of the above obligation is such that if the above bound Rebecca M. Jones, her heirs, executors or administrators, do well and truly pay, or cause to be paid, to the said association, at its principal office in the city of Columbus, Georgia, so long as it shall continue to exist, or as may be provided in its charter, by-laws, rules, and regulations, the sum of $17 monthly (of which the sum of $12 for instalments due on shares of stock, and the sum of $5 as interest on the sum actually advanced to said Rebecca M. Jones), to be paid on or before the third Thursday of each and every month after this date, until the stock borrowed on shall mature, and shall perform the covenants contained in this mortgage or other instrument of writing securing this bond; and if this bond be collected by suit, shall pay the additional sum of ten per cent. on the amount due as counsel fees, and shall stand to and abide by the charter, by-laws, rules, and regulations of said association (upon final settlement with the association, it to retain as instalments on said stock and interest no greater sum than the sum actually advanced, with interest thereon at the rate of eight per cent. per annum), then this obligation to be void and of none effect, or else to remain of full force and virtue."

At the trial, the defendant demurred to the complaint, because it did not state facts sufficient to constitute a cause of action, and submitted several specifications, all of which

were overruled by the Circuit Judge. From judgment in favor of plaintiff defendant appeals.

*Messrs. Sheppard Bros.,* for appellant, cite: *Promise to pay more than legal interest upon contingency not usurious:* 1 Wall., 604; 46 Ga., 166; 63 Ga., 373. *Rate of interest is to be construed by law of place of performance of contract:* 77 Fed., 397; 2 Watts & S., 327; 27 Pa. St., 241; 17 Johns., 511; 13 Pet., 65, 77; 132 U. S., 107; 33 L. R. A., 112; 5 Tex., 171; 66 Fed., 827; 60 *Id.,* 730; 1 Wall., 298; 15 N. J., 828; 43 N. W., 141; 41 N. Y., 303; 10 Wis., 303; 21 *Id.,* 339; 88 Pa., 108; 2 Wash. C. C., 253; 16 S. C., 584; 14 Vt., 33; 15 N. Y., 92; 33 L. R. A., 112.

*Messrs. Croft & Tilman,* contra, cite: *Defendants have violated usury laws of this State:* 31 S. C., 286; 18 Stat., 35; 28 S. C., 534; Rev. Stat., 1391; 12 Rich. Eq., 13; 44 S. C., 128; 45 S. C., 388; 21 S. E. R., 937; 64 Ala., 527; 84 Ga., 481; 9 Fla., 86; 113 N. C., 926; 11 Gray, 38; 79 Ind., 172; 45 S. C., 611.

Oct. 20, 1897. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is a suit under sec. 1391 of the Revised Statutes, for double the sum alleged to have been received as usurious interest. The case is one at law, and by consent the questions of fact were tried by the Judge. This appeal is from a judgment against the defendant for $882.32, with interest from March 15th, 1895, amounting at the date of the judgment to $988.70.

1. There was no error in overruling the demurrer that the complaint did not state facts sufficient to constitute a cause of action. This question was ruled against appellant by this Court in the former appeal in this case—47 S. C., 397. While a demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action may be taken at any stage of the trial in the Circuit Court, yet when once taken and lost on certain specifications showing wherein the complaint is defective, it

can not be renewed at any subsequent trial on the same or other specifications. This ground of demurrer is single, and all specifications thereunder not made when heard are deemed valid.

2. The special facts found by the Circuit Judge in this case do not distinguish it at all from the case of *Association* v. *Hoffman*, 50 S. C., 303, following *Association* v. *Vance*, 49 S. C., 407, wherein a similar contract was adjudged to be enforcible according to the law of Georgia, which provides "that no fines, interest or premiums paid on loans in any building and loan association shall be deemed usurious. The fact that the Georgia statute was adopted October 19, 1891, and the bond securing the monthly stock dues and interest was dated May 15, 1890, does not render the Georgia statute inapplicable, since all the payments by the plaintiff were made after November 12, 1892. Construing the contract, as it should be construed, according to the law of Georgia, no usury was received of plaintiff by the defendant, and hence our statute, allowing a suit for double the sum received as usurious interest upon any contract arising in this State for the use, &c., of money, is not applicable. This conclusion renders it unnecessary to consider the other questions presented.

The judgment of the Circuit Court is reversed.