GAINES v. DRAKEFORD.

1. RESULTING TRUST.—In order to establish a resulting trust in land in favor of one claiming to have furnished the purchase money, the proof must be clear and convincing that the purchase money, or some definite portion of it, was furnished by the beneficiary at the time of the purchase. *Citing cases.*

2. IBID.—Evidence in this case sufficient to show a resulting trust.

3. APPEAL—EXCEPTION—"CASE."—When record fails to show prejudicial error by admission of certain testimony, exception thereto will be overruled.

Before WITHERSPOON, J., York, April, 1896. Reversed.

Action by Tillman R. Gaines against J. S. Drakeford. The opinion states the facts. Judgment for plaintiff. Defendant appeals.

*Mr. W. B. deLoach,* for appellant, cites: 19 S. C., 126; 32 S. C., 595; 46 S. C., 196.

*Messrs. Hart & Hart,* contra, cite: 19 S. C., 134; 17 Wal., 59; 32 S. C., 595.

Oct. 20, 1897. The opinion of the Court was delivered by

Mr. JUSTICE JONES. Plaintiff brought this action for the recovery of a lot, in the town of Yorkville, known as the Baptist Church lot, into possession of which defendant entered under a deed of the deacons of the Yorkville Baptist Church, dated October 16th, 1895. The jury found for the plaintiff on the issues submitted to them on the law side of the Court. This appeal is from the decree of the Circuit Court overruling the equitable defense presented, viz: that, while the deed was taken in the name of the plaintiff, the purchase was made with money belonging to the defendant's grantor, the Yorkville Baptist Church, and that thereby a resulting trust therein exists in favor of said church.

In order to establish a resulting trust in land in favor of one claiming to have furnished the purchase money, the proof must be clear and convincing that the purchase money, or some definite portion of it, was furnished by the beneficiary at the time of the purchase. *Taylor* v. *Mayrant,* 4 DeS., 516; *Billings* v. *Clinton,* 6 S. C., 102; *Ex parte Trenholm,* 19 S. C., 126; *Catoe* v. *Catoe,* 32 S. C., 595; *Jones* v. *Hughey,* 46 S. C., 196.

The real question presented here is whether the evidence in this case, under the rule above announced, is sufficient to establish such a trust. The Circuit Judge held the evidence insufficient, but in this we think he erred. The testimony clearly established these facts: The Yorkville

Baptist Church was organized in May, 1866, and the plaintiff then became its pastor. In May, 1867, the church appointed the plaintiff as its agent to solicit aid in building a house of worship. A circular letter was issued appealing for aid, and the plaintiff, as agent for the church or congregation, canvassed both at home and abroad, visiting a number of cities in the North. In August, 1867, he reported to the Broad River Association, to which the Yorkville Baptist Church belonged, that he had then collected about $1,000 for the purchase of a lot and the building of the "tabernacle." In October, 1867, at a judicial sale, he purchased the lot in question for $257, paying one-half cash and giving his bond with surety, secured by a mortgage of the premises, for the balance, payable six months thereafter. The deed was made to plaintiff by the commissioner, dated October 18, 1867. A short time after this an old house on the lot was sold to Theo. Wright for $52, and the plaintiff received the money and placed the same to the credit of the funds in his hands for erecting the "tabernacle," in the name of Theo. Wright, as a contributor. With money, labor, and material contributed for that purpose, the plaintiff at once began to erect on the said lot a plain wooden church building, and on 27th March, 1868, it was solemnly dedicated to God. The plaintiff ceased to be a pastor of that church in the spring of 1870, but from the time of the dedication in 1868 to 1891, when a new church, on another lot, was erected, the Yorkville Baptist Church used this building as their place of worship. The plaintiff collected, as agent of the Yorkville Baptist Church, at least $1,785.40. The Circuit Judge finds, as matter of fact, "that at the time the plaintiff took the title to the lot, and erected a church thereon, he had, as agent of the congregation, collected sufficient funds to pay for the lot, and had then money, labor, and material, furnished by way of contributions, quite sufficient to build the church." This is not disputed. In 1887, nearly twenty years after the dedication of the church, Rev. F. C. Hickson, then pastor of the Yorkville Baptist Church,

wrote the plaintiff a letter requesting him to "come and make a transfer of the deed;" to which plaintiff replied, that he would come in a few weeks and transfer it, stating, "that he had bought the property with that view, and had always intended to transfer the deed." At this time, so far as appears, plaintiff made no claim of any interest in the property, and there was no suggestion of any settlement to be had with the church in connection therewith. Not until December, 1894, does any one hear that the plaintiff claimed any interest, as an individual, in the property; and as to that, the Circuit Judge finds that "as late as December, 1894, he (plaintiff) stated, in the presence of witnesses of the highest respectability, that he claimed an interest in the church property for the payment of his salary as pastor." On the trial, he testified that he had no claim for services. Furthermore, when asked on the trial whether he had paid taxes on this property, he answered, "No, sir; there is nothing chargeable on church property." When asked again why he had not paid taxes on the property, he answered, "*I held it in trust for the church.*" He further said, "I had it conveyed in my name, with the intention that it should be safe for all parties." At the trial, the plaintiff testified that he paid for the lot with his own money; but as to this, the Circuit Judge said: "It is true, that the plaintiff testifies that he paid for the lot in question with his own individual funds, but a reference to his testimony will show that the plaintiff's memory was sadly defective at the hearing, or that he was evasive, and did not exhibit that candor that would be reasonably expected of one who has occupied his high and sacred calling." Indeed, plaintiff's statement is wholly inconsistent with every fact in the case. There was no reason or necessity that he should pay with his own money, since he had funds of the church sufficient to pay for the lot and erect the building, and it would stagger credulity to think for a moment that he would pay the purchase price from his own scant funds and say nothing about it for a quarter of a century. We

have no doubt he spoke the truth when he said, "I held it in trust for the church." In reaching this conclusion, we have not relied on the testimony that the plaintiff, in December, 1894, admitted that he had purchased this lot with the church money. This admission was sworn to positively by Rev. F. C. Hickson and Samuel M. Grist, "whose statements," the Circuit Judge says, "are based upon honest impressions and recollections as to the declarations of plaintiff." The plaintiff denied having made such admission, and Maj. Hart, a gentleman of well known character and probity, who was also present, said the plaintiff made no such statement. The Circuit Judge says: "This conflict in the testimony of these witnesses creates at least a doubt as to whether the plaintiff admitted that he had used the church fund in the purchase of the lot in question." This we may concede; but still there remains clear and convincing circumstantial evidence from which the inference is irresistible that he used the money belonging to the Yorkville Baptist Church in the purchase of the lot.

What has been said disposes of all exceptions except the sixth. This alleges error in allowing in evidence a receipt marked "exhibit D." This exhibit is not set out in the record, and we have no means of ascertaining whether the testimony was relevant or not, or, if irrelevant, whether its admission was prejudicial. So far as we can see, the Circuit Judge does not seem to have considered or relied on such evidence in reaching his conclusion. The record failing to show prejudicial error in the admission of this evidence, the exception must be overruled. *Avery & Son* v. *Wilson*, 47 S. C., 97.

The defendant is entitled to a decree declaring a resulting trust in the lot in question in favor of his grantors, the Yorkville Baptist Church, as having furnished the purchase money thereof, which interest passed to the defendant under the deed of said church through its officers.

The decree of the Circuit Court is reversed, and the case

remanded for proper proceedings to carry out the views herein announced.