TOBIN, RECEIVER, v. McNAB.

1. BUILDING AND LOAN ASSOCIATION—PLACE OF PERFORMANCE OF CONTRACT.—The contracting parties contemplated that the contract sued on should be construed according to laws of Georgia.
2. IBID.—This contract properly construed according to the laws of Georgia.

Before GARY, J., Barnwell, November, 1897. Affirmed.

Foreclosure by J. Allen Tobin, as receiver of the Southern Mutual Building and Loan Association, v. Sallie McNab. The Circuit decree states the facts as follows:

This is an action for the foreclosure of a mortgage, and came on to be heard before me on the pleadings and evidence as taken and reported by the master for Barnwell County. It appears, and I find that the defendant subscribed to and became the owner of ten shares of the stock of the said The Southern Mutual Building and Loan Association in November, A. D. 1889, with a view and for the purpose of obtaining a loan from said association of the sum of $500, and that the said association is a corporation duly chartered and organized under the laws of the State of Georgia, and as such was authorized and empowered to do a general building and loan business in the said State of Georgia, at Atlanta, where said association had its principal office or place of business. It further appears that heretofore, on the 26th day of September, A. D. 1890, the defendant, Sallie A. McNab, borrowed from the said association the sum of $500, and as security therefor the defendant assigned and hypothecated her said ten shares of stock, and also gave a mortgage over the lot of land described in the complaint, located in the town of Barnwell, S. C., to said association, as a further and additional security to said loan. The indebtedness to the said association was evidenced by the bond of the defendant, which provided that the defendant should pay $2.50 per month as interest on said loan, and the sum of $6 per month as instalments for the maturity of

said stock, and the defendant agreed to make all payments to the said association at Atlanta, Ga., and to stand to and abide by the rules and regulations of said association. It further appears that the defendant made the regular monthly payments on said stock and interest on said loan up to the first day of October, A. D. 1896, when she ceased to make further payments, either of interest or instalments on the said stock. It further appears that upon the occasion of the insolvency of the said association the same was placed in the hands of receivers by an order and judgment of the Superior Court for Fulton County, in the State of Georgia, in February, A. D. 1897; and that thereafter, on the 10th day of March, A. D. 1897, the said The Southern Mutual Building and Loan Association was placed in the hands of J. Allen Tobin, as receiver, by an order of his Honor, Judge D. A. Townsend, presiding Judge at that time in the Second Circuit. * * * It appears from the stipulations in the said bond, the said certificate of stock, and the mortgage herein, that the contract of the defendant was to be performed in the State of Georgia.

From judgment for plaintiff, defendant appeals.

*Messrs. Bellinger, Townsend & O'Bannon,* for appellant, cite: *Where is place of performance:* 49 S. C., 402; 50 S. C., 303; 51 S. C., 420; 16 S. E. R., 133; 28 S. C., 542; 15 S. E. R., 812; 34 S. W. R., 235; 12 N. E. R., 303; 25 Id., 871; 18 S. E. R., 967. *Law of State must be proved:* 45 S. C., 344. *What is construction of contract:* 44 S. C., 121; 51 S. C., 420; 48 S. C., 65.

*Mr. H. E. Young,* also for appellant, cites: *Is the contract governed by laws of Georgia:* 2 Ex., 25; 17 Wall, 243; 5 Gray, 79; 2 Allen, 239; 11 Gray, 38; 12 Mass., —; 4 Met., 210; 6 Paige, 632; 1 DeS., 160; 4 Pet., 111; 3 Wheat., 101; 10 Wheat., 367; 13 Pet., 65; 5 How., 310; 17 How., 391; 1 Wall., 310; 17 Wall., 123; 96 U. S., 51; 91 U. S., 406; 1 Wall., 310; 20 How., 17; 6 Paige, 634; 13 Pet., 65; 2

Hill, 319, 601; 2 Spr., 561; 16 S. C., 196; 70 N. W. R.,
510; 10 S. E. R., 1092; 11 S. E. R., 870; 17 S. E. R., 637;
32 S. W., 262. *What is law of Georgia:* 49 S. C., 409; 46
Ga., 166; 79 Ga., 459; 22 S. E. R., 712; 51 S. C., 420; 2
Hill, 319; 44 S. C., 121; 60 N. W. R., 1019; 8 L. R. A.,
248; 105 Mass., 254; 7 Allen, 100; 40 Md., 172; 48 Md.,
448; 51 Md., 198; 77 Va., 293; 81 H. L. R., 248; 11 Id.,
496; 48 Ga., 445; 54 Ga., 98; 56 Ga., 350.

*Messrs. Patterson & Hollman,* contra, cite: *Not error to
refuse to credit stock dues on mortgage debt:* 49 S. C., 402;
44 S. C., 129. *Equitable rule for settlement of affairs of
insolvent building and loan associations is laid down in:* 8
At. R., 843.

July 30, 1898. The opinion of the Court was delivered by.

MR. JUSTICE GARY. The facts out of which this action
arose are set forth in the decree of the Circuit Judge. The
first question which will be considered is whether the con-
tract is to be construed by the laws of Georgia or South
Carolina. In the certificate of shares which the defendant
holds in the said association are the following provisions:
"This certificate is issued and accepted by the stockholders
upon the following express terms and conditions: 1st. The
stockholder agrees to pay this association sixty cents per
month, on the first of each month, for each share held, un-
til such share matures or is withdrawn. 2d. All moneys
due from the stockholder to the association, and due from
the association to the stockholder, shall be due and payable
at the home office, Atlanta, Ga.; provided, however, that
payments may be made to a local treasurer for transmission
to the home office. *In such case, the local treasurer will be
deemed the agent of the local stockholder and not of the as-
sociation,* and payments will be credited to stockholders
only after receipt at the home office." The following is a
regulation of the association as to loans: "The funds of the
association will be loaned only to members. Loans must

be secured by deed or first mortgage, and must not exceed fifty per cent. of the cash value of the real estate and improvements. Applications for loans will not be entertained at the home office unless first approved by local boards, and when deemed necessary our traveling appraiser views the property before loans are granted. The rate of interest will be six per cent. per annum on the money loaned. All members desiring loans will be charged a fixed rate of fifty per cent. premium. All interest is payable monthly in advance, with dues. The premium is not paid in cash; but a borrower must carry stock enough so that its par value will be equal to the amount of the loan and premium together. All that is required of the borrower is to pay the interest on the loan and the monthly payments on the stock. When the stock matures it repays the loan and premium."

The appellant's attorneys contend that the foregoing provisions in the certificate refer to the contract for subscription to stock, and not to the contract for the repayment of the loan evidenced by the bond and mortgage. The regulation as to loans shows that the interest was to be paid monthly in advance, with the dues, in the manner stated in the said certificate. The parties did not contemplate that the contract should be construed in part by the laws of Georgia and in part by the laws of South Carolina. The circumstances relied upon by the appellant are not sufficient to sustain a contrary view.

The next question which will be considered is whether the contract was construed in accordance with the laws of Georgia. It was incumbent on the appellant to show that there was error on the part of the Circuit Judge, which has not been done, as the principles announced by the Circuit Judge are in conformity with the cases of *Equitable B. & L. A.* v. *Vance*, 49 S. C., 402, and *Equitable B. & L. A.* v. *Hoffman*, 50 S. C., 303. The legislature, at its last session, wisely passed an act, that "all contracts secured by mortgage of real estate situate within this State shall be subject to and construed by the laws of this State

regulating the rate of interest allowed, and in all other respects, without regard to the place named for the performance of the same." 22 Stat., 747. The act, however, has no application to this case.

Having reached these conclusions upon the two questions which we have considered, it becomes unnecessary to consider the other exceptions, as the questions raised by them are merely speculative.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.