THE BRITISH AMERICAN MORTGAGE CO v. BATES.

SAME v. PEACOCK.

SAME v. ALL.

SAME v. KNEPTON.

1. Contracts found to be South Carolina contracts.
2. Interest—Usury.—When a contract is made in one State to be per-
   formed in another, the parties may stipulate as to rate of interest
   allowed in either State, and this being South Carolina contract, and
   not usurious under our laws, will be enforced here.

Before Townsend, J., Barnwell, January, 1900. Af-
firmed.

Foreclosures by The British American Mortgage Co.,
Limited, against Jos. W. Bates; Same against S. L. Pea-
cock; Same against W. Riley All; Same against L. P. Knep-
ton. From Circuit judgment, defendant in each case ap-
peals.

*Mr. R. C. Holman,* for appellant, cites: *Laws of country
where contract is made governs its construction:* 1 N. C.,
151; 28 N. H., 379; 6 Vt., 162; 2 Mass., 88; 17 Ill., 328; 19
N. E. R., 25. *Same as to usury:* 14 Vt., 33; 30 N. Y., 259;
27 How., 196; 13 Pet., 65; 67 How. Pr., 324. *Law of State
where payee resides applies:* 7 Barb., 607; 33 Ark., 645; 42
N. Y., 506.

*Mr. J. O. Patterson,* contra, cites: *Rate of interest at place
of performance or of making contract may be allowed, and
higher may govern:* 19 S. C., 583; 15 S. E. R., 812.

September 13, 1900. The opinion of the Court was de-
livered by

Mr. Justice Jones. These four actions for the fore-
closure of four several mortgages were heard together.
One of the defenses made was that the contract was made in

New York, and payable there, and was void for usury under the laws of New York. The Circuit Court held that the notes and mortgages were executed in South Carolina; that under the authority of *Thornton* v. *Dean,* 19 S. C., 583, the parties could contract with reference to the laws of either State, and that the preponderance of the evidence was that, while the notes were payable in New York, the place of payment was merely a convenience, and that the parties contracted with direct reference to the laws of South Carolina.

The appellants' exceptions impute error: 1. In holding that the notes and mortgages were made in South Carolina, and in not holding that they were made in New York. 2. In holding that the parties could contract in reference to either the laws of New York or the laws of South Carolina. 3. (Substantially as the first.) 4. In decreeing for foreclosure, when he should have held that the contracts were governed by the laws of New York, and so void for usury.

In reference to the first exception. One of the notes given by defendant, Bates, was as follows: "Barnwell, S. C., July 10, 1896. $140. On the first day of November, 1896, I promise to pay to the order of the British and American Mortgage Company, Limited, $140 in United States gold coin of present standard of weight and fineness, at the National Bank of the Republic of New York, N. Y., for value received, with interest at the rate of eight per cent. per annum after maturity. The payment of this note and interest is secured by a mortgage which is recorded in the public records of Barnwell County, in the State of South Carolina. Witness my hand and seal. J. W. Bates. (L. S.)" The note appears on its face to have been signed at Barnwell, S. C. Bates was a resident of Barnwell County, and the mortgage, which was an essential part of the contract or transaction, covered lands in Barnwell County. The notes and mortgage, while written in New York, were sent to Patterson & Holman, in Barnwell, S. C., for execution by Bates, and were actually signed and sealed by Bates in Barnwell, S. C., before requisite wit-

nesses. The case does not show the date of the record of the mortgage, but it is a just inference from the recital in the note, to which plaintiffs and defendant are parties, that the mortgage was at least filed for record in Barnwell on the day of the execution of the papers. It appears that on the day of the signing of said papers by Bates, in Barnwell, he made a draft upon Hoffman, in New York, through whom the loan by plaintiffs was negotiated, for the amount of the loan, and that this draft was collected through a bank in the usual course of business. The draft was cashed by a bank in Barnwell, and with the proceeds, excepting a small amount, Bates on same day discharged a prior incumbrance on the property. It appears that the papers were sent to Hoffman, in New York, through whom the loan was negotiated with plaintiff, along with the said draft for amount of the mortgage loan, and was by Hoffman turned over to plaintiff. But this delivery to the plaintiff in New York was not the consummation of the execution. The execution was complete, so far as the question before us is concerned, when the papers, in the form they now have, were mailed in South Carolina to plaintiff, pursuant to the agreement under which the loan was negotiated. The Circuit Court found as a matter of fact that the parties contracted with reference to the laws of South Carolina. This finding of fact cannot be reversed unless (1) there be a specific exception assigning error in such finding, and (2) after such exception it must appear that the preponderance of the evidence is against such finding. No exception is made to such finding. But if there had been exception thereto, the preponderance of the evidence is not against such finding.

Where a contract is made in one State to be performed in another State, the parties may in good faith, stipulate for the rate of interest allowed in either. This is the law as settled in this State. *Thornton* v. *Dean, supra,* and in other jurisdictions; *Jackson* v. *American Mortgage Co.,* 15 S. E. Rep., 812; *Dugan* v. *Lewis,* 12 L. R. A., 93; *Scott* v. *Perlee,* 48 Am. Rep., 421. See, also, cases cited in

note to *Martin* v. *Johnson,* 8 L. R. A., 170. The parties having the right to so contract, and having as matter of fact contracted with reference to the laws of this State, and there being no evidence that the parties intended any shift to evade the usury laws, the contract must be enforced here, since it is not usurious under our laws.

The judgment of the Circuit Court is affirmed.