## THE COLUMBIAN B. & L. ASSN. v. RICE.

1. THE B. & L. CONTRACT here held to be a Virginia contract, and to be construed according to the laws of that State.
   *Mortgage Co.* v. *Bates,* 58 S. C., 552, *distinguished from this.*
2. PLEADINGS—FOREIGN LAWS.—USURY being an affirmative defense, a defendant should reply to it by pleading the laws of another State, if he relies on them to show that his contract is not usurious.
3. USURY—COMMON LAW.—THE PRESUMPTION is that the common law prevails in Virginia, and under that law there is no legal limitations to the rate of interest.
4. GAMBLING—USURY—FOREIGN LAWS.—THE PRESUMPTION applied to the laws against gambling, &c., in foreign statutes are not applicable in usury.
5. REHEARING refused.
6. B. & L. ASSN.—CONTRACTS.—When a contract is found to have been made with reference to the laws of a foreign State, and the common law to be of force there, under it a building and loan contract will be construed according to its terms.
   *Association* v. *Holland,* 65 S. C., 178, *and Bird* v. *Kendall,* 62 S. C., 178, *distinguished from this.*
7. ATTORNEY's FEES.—Contract found not to be usurious, attorney's fees properly allowed as provided by contract.

Before KLUGH, J., Cherokee, September, 1903. Affirmed.

Action by The Columbian Building and Loan Association, of Richmond, Va., against Seal Rice, Alfred Smith and Henry Jackson, as trustees Mount Olive African Methodist Episcopal Zion Church. From Circuit decree, defendants appeal.

*Messrs. Hall & Willis,* for appellants, cite: *This is South Carolina contract:* 58 S. C., 551. *Laws of foreign State must be pleaded and proved:* 20 Ency. P. & P., 600, 601, 602, 598; 9 *Id.,* 542, 543; 116 U. S., 1; 4 L. R. A., 42; 9 S. C., 68; Bliss Code Plead., 3 ed., 183; 45 S. C., 365; 66 S. C., 98. *Under S. C. laws the contract is usurious:* 12 Rich. Eq., 124; 51 S. C., 420; 15 S. C., 462; 65 S. C., 448; 45 S. C., 381; 60 S. C., 35; 44 S. C., 121; 62 S. C., 165, 178; 55 S. C., 105; 63 S. C., 537. *Laws of Virginia not being pleaded, laws of this State will be applied:* 25 S. C., 34; 45 S. C., 365.

*Messrs. Stanyarne Wilson* and *J. E. Webster,* contra, cite: *This is a Virginia contract:* 51 S. C., 427; 55 S. C., 112; 120 Fed. R., 425; 110 Fed. R., 845; 123 Fed. R., 43. *Contract not usurious:* 55 S. C., 122, 302. *As to member ceasing to be such on assignment of stock:* 55 S. C., 122; 120 Fed. R., 425. *Construction of statute may be proved by practicing lawyer:* 12 Conn., 384; 20 Ill., 202; 99 Mass., 254; 9 Ia., 219; 43 Ark., 209. *As to counsel fees:* 50 S. C., 209.

This opinion was filed March 5th, but remittitur held up on petition for rehearing until

March 18th, 1904. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendants, trustees of Mount Olive African Methodist Episcopal Zion Church, subscribed to two shares of stock in The Columbian Building and Loan Association, a Virginia corporation, and as such subscribers borrowed money from the association, giving a mortgage on

the church property to secure the loan. They now plead usury as a defense to this action to foreclose the mortgage, and set up a counter-claim for the penalty of receiving usurious interest.

The first inquiry is whether the contract falls under the law of South Carolina or of Virginia, for it is conceded that if the law of this State is applicable, the transaction must be held usurious. The master and the Circuit Judge both held that the contract was to be performed in the State of Virginia and construed in accordance with the laws of that State. It is incumbent upon the defendant to overturn this finding of fact by the preponderance of the evidence.

The mortgage provides that the payments shall be made to the association, "in the manner prescribed by its charter, by-laws, rules and regulations." Section 7, article 6, of the by-laws requires: "All money due from the members of the association, or from it to the members, shall be payable at the home office in Richmond, Va."

Provision is made in the by-laws for the organization of local boards in towns where sufficient stock is held to make such organization desirable. Section 4, of article 11, which relates to this subject, is as follows: "Members may, if they desire, make monthly payments on stock to the local treasurer, but such local treasurer shall be the agent of the members, and not of the association."

The defendants insist this is a mere subterfuge to avoid the usury laws of the State, and even if it is not, the contract is, nevertheless, to be construed as a South Carolina contract. A contrary view was taken by this Court in *Pollock* v. *Association,* 51 S. C., 420, 29 S. E., 77; *Turner* v. *Association,* 51 S. C., 37, 27 S. E., 947, and *Tobin* v. *McNab,* 53 S. C., 75, 30 S. E., 827. It is true, in *Meares* v. *Finlayson,* 55 S. C., 105, 32 S. E., 986, Chief Justice McIver expressed dissatisfaction with the decision of *Pollock* v. *Association, supra,* but expressly said that the point we are now considering was not involved in the case he had under discussion.

In the later case of *Association* v. *Powell,* 55 S. C., 320, 33 S. E., 355, the provisions of the mortgage and of the by-laws, so far as they relate to this question, were practically the same as those involved in this case; and it was there held by a unanimous Court that the contract was to be performed in Georgia, and the laws of that State must govern its validity and construction.   The defendants rely upon the case of *Mortgage Co.* v. *Bates,* 58 S. C., 552, 36 S. E., 917, as holding a different doctrine; but in that case the facts were not the same as in this, and the Circuit Judge found as one of the facts that the parties had contracted with reference to the laws of this State.   This finding was sustained as not being against the preponderance of the evidence.   The finding of fact was the other way in this case, and, as we have seen, this Court has heretofore sustained the same finding on similar evidence.   The rights of the parties to this contract must, therefore, be adjudicated under the laws of Virginia.

The plaintiff offered in evidence the statutes of Virginia and the decisions of the Court of Appeals of Virginia, from which it appeared that this contract would not be adjudged usurious in that State.   Objection was made to this evidence on the ground that these statutes had not been pleaded.   The general rule is that the existence and terms of the statute of another State cannot be proven unless alleged.   *Rosemand* v. *Ry. Co.,* 66 S. C., 98.   It is true, usury is an affirmative defense, and it was not, therefore, necessary for the plaintiff to anticipate it and set up the Virginia statutes in his complaint; but when the counter-claim for usury was put in, the plaintiff was bound to set up in reply its defenses to that plea.   Having failed to set out in reply the existence of Virginia statutes on this subject or their terms, evidence as to such statutes should have been excluded.

The case is to be considered, then, as if the Court had before it a contract whose validity and effect as to the plea

of usury were to be considered under the laws of Virginia, without any pleadings or evidence as to those laws.

In such case there is certainly no presumption that the law of usury is the same in that State as in this. Such a presumption would be altogether unreasonable, for some States have no statute law on the subject, and in the others the enactments are very diverse. Virginia having been once subject to the laws of England, in the absence of proof, the presumption is that the common law prevails, and that there is no legal limitation to the rate of interest in that State. *Rosemand* v. *Ry. Co., supra; Brown* v. *Wright,* 21 L. R. A., 471, note. This being so, the error in admitting proof of the Virginia statutes was harmless.

In insisting that the statute law of this State must be applied, the defendant relies on *Gist* v. *Telegraph Co.,* 45 S. C., 370, 23 S. E., 143, in which this language is used: "Again, it has been held in this State, in the case of *Allen* v. *Watson,* 2 Hill, 319, that the legality or illegality of a transaction depends on the law of the place where it transpires; but it is incumbent on those who would avail themselves of it, to show what that law is; and until that is done, our Courts must decide that question according to the laws of this State. The same doctrine seems to have been held in *Thatcher* v. *Morris,* 11 N. Y., 437, which is represented in the New Jersey case above cited, as holding that: 'Where contracts of a particular kind are forbidden by the law of the State in which they are sought to be enforced, and the party seeking to enforce them relies upon the fact that they were made in a foreign State, and are valid contracts by the *lex loci contractus,* it has been held elsewhere that he is bound to aver and prove those facts.' Now, as there is no allegation in the complaint that the law in New York is otherwise than what it is in this State, the plaintiff cannot, in the absence of any such allegation, derive any benefit from the fact that the contract was made and was to be performed in New York."

It will be observed that case involved a gambling trans-

action.    Gambling contracts and some others so offend good morals and so contravene established public policy, that courts will presume that the laws of other States forbid them in consonance with the laws of their own State; and even if this presumption is rebutted by proof, they will recognize no claim of comity which would require them to give countenance to such transactions.    Numerous decisions in this State have held contracts to be free from usury because they fell under the laws of other States, when such contracts would have been usurious under the laws of this State.    It is, therefore, clear that usury is not regarded as standing on the same plane with gambling and other intrinsically immoral practices.    See, also, *Bank* v. *Cook,* 46 Am. St. Reps., 201, note.    It is true, in the case of *Meares* v. *Finlayson,* 55 S. C., 121, 32 S. E., 986, it was held that when the contract was proved to be usurious under the laws of North Carolina, as well as those of this State, the penalties prescribed by the South Carolina statute would be enforced, even regarding the contract as a North Carolina contract.    This was on the ground that our statute expressly forbids the collection of interest or costs in a suit on a usurious contract.    It is manifest, if the contract in that case had not been usurious under the laws of North Carolina, a very different question would have been presented, and the usury law of South Carolina would have been disregarded.

This is a Virginia contract.    The common law, in the absence of proof to the contrary, is presumed to be of force in that State, and hence no usury statute can be applied.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.

Petition for a rehearing denied by the following *Per Curiam* order, filed March 18, 1904:

None of the appellants' exceptions were overlooked in the decision of this cause, and, therefore, the petition for a rehearing is refused.

The 15th exception assigns error to the Circuit Judge, "in

not holding that, under the laws of this State, when a member of a building and loan association borrows money from the association, and pledges his stock as security for the loan, he thereby ceases practically to be a member of the association, and his relation thereto becomes that of borrower to lender; and in not finding under this rule, that if the contract is not usurious, the association can recover only the balance of the principal, with legal interest; and that if the contract is usurious, it can recover only the balance of principal due, without interest, cost or attorneys' fees."

No special allusion was made to this exception, because it seemed to be covered by the principle controlling the opinion. It is not denied that in ascertaining the amount due, the Circuit Judge followed precisely the terms of the contract made by the parties themselves. The Court held that the law of Virginia was to be applied to the contract, and that the law of Virginia was presumed to be the common law. Under the common law, a contract must be enforced according to its terms.

The defendants expressly agreed in the bond and mortgage that they would pay the amount found by the Circuit Judge, and that they would remain members of the association, as well as borrowers from it. The Court could not substitute another contract, making them liable for the amount they received, and interest on it at the South Carolina rate.

In *Association* v. *Holland*, 65 S. C., 448, upon which defendants rely, it does not appear that the contract was made with reference to the laws of another State. In *Bird* v. *Kendall*, 62 S. C., 178, 40 S. E., 142, which was held to be a Georgia contract, the contract was enforced according to its terms. See *McIlwaine* v. *Ellington*, 55 L. R. A., 933, and notes.

The 16th exception charges that the Circuit Judge "erred in allowing ten per cent. attorneys' fees, for the reason that the contract, being usurious, attorneys' fees cannot be col-

lected." As to the application for a rehearing on this exception, it is only necessary to say that by the terms of the bond and mortgage, the mortgagors obligated to well and truly pay "all fees, costs, and expenses to or for which said association may become subject or liable by reason of any litigation touching this transaction." This exception was based on the charge of usury, and fell with it. When it was held that there was no usury in this contract, it seemed to the Court to follow, without special allusion to the subject, that the attorneys' fees growing out of this litigation must be paid. The Circuit Judge, with all the pleadings, testimony and facts before him, fixed the attorneys' fee, and there was no exception as to the reasonableness of the amount allowed.

It is manifest that the Court could not admit such part of the testimony as to the law of Virginia as would be favorable to the appellant and exclude the remainder. It must all be admitted or all excluded. The defendants' exceptions can bear no other interpretation than that they urged upon this Court the entire statute law of Virginia upon this subject should be excluded, and the defendants cannot complain that this position was sustained.

It is ordered, that this petition be dismissed, and that the stay of the *remittitur* heretofore granted·be revoked.