14657

HUTTO v. HUTTO

(196 S. E., 369)

Mr. W. R. *Symmes,* for appellant,

Mr. L. *Marion Gressette,* for respondent,

April 5, 1938.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

On November 27, 1916, S. P. Hutto, late of the county of Calhoun, acquired title to a tract of land in that county, containing 146 acres, known as the Brandenburg tract, to which he took title in his name.

S. P. Hutto carried on extensive farming operations,

with his brother, F. O. Hutto, and they jointly owned various tracts of farming lands and several building lots. Title to the tracts was held by the two brothers as tenants in common, but the title to the lots was in the name of S. P. Hutto alone. Subsequent to the year 1916, when the latter acquired title to the Brandenburg tract, he conveyed to his brother, F. O. Hutto, by deed or deeds, a one-half undivided interest in all of the lots except one upon which was located a store building. It is admitted that S. P. Hutto was the sole owner of the store house property. At no time, however, did S. P. Hutto convey to his brother, F. O. Hutto, any interest in the Brandenburg tract.

S. P. Hutto died intestate on or about December 18, 1936, leaving as his heirs-at-law and distributees under the statute his widow, the defendant, Pearl E. Hutto, his father, J. O. Hutto, and several sisters and brothers.

This action was brought for a partition of all of the real estate left by S. P. Hutto, deceased.

No contention was made by any of the parties as to any tract embraced in the proceeding except the 146 acres above referred to, and as to that tract F. O. Hutto claims that he is entitled to an undivided one-half thereof by virtue of a resulting trust. He alleges that he and his brother, S. P. Hutto, purchased this land jointly, and that he paid a portion of the purchase money in cash or its equivalent.

The cause was referred to a Special Referee, who upheld the contention of the plaintiff. The Circuit Court, upon exceptions by the defendant, Pearl E. Hutto, reversed the Special Referee, and held that S. P. Hutto acquired title to the tract in question, unaffected by any trust in favor of the plaintiff. The plaintiff now appeals to this Court from the decree of the lower Court.

The case makes several questions, but in the oral argument before us counsel for the appellant stated that if this Court should hold that the portion of the purchase money alleged to have been paid by F. O. Hutto must have been paid by him at or before the purchase of the Brandenburg

tract, in order to estalish a resulting trust in his favor, then no other exceptions need be considered. By this statement, the appellant in effect concedes that whatever money may have been paid by him on the purchase price of the tract in question was paid after the sale had been completed and title acquired by S. P. Hutto. The testimony very clearly bears this out.

The record shows that the consideration paid for the Brandenburg tract was $5,000.00; and that, to secure the credit portion of the purchase price, S. P. Hutto executed and delivered to W. H. Whetstone, the grantor, a mortgage covering the tract, in the sum of $3,400.00. This mortgage was paid within two years from its date. The appellant testified that he did not know how much his brother, S. P. Hutto, paid for the place, nor how the payments were made; that he had nothing to do with paying the Whetstone mortgage; that he gave his brother $600.00 to apply on the debt about two weeks after the transaction was closed. We are asked to assume from testimony of the vaguest and most indefinite character that further contributions were made by F. O. Hutto on the purchase price from his share of the profits derived from joint farming operations.

There was no evidence of any kind, directly or indirectly, that F. O. Hutto paid the purchase money or any part of it, at the time his brother bought this land.

It is well settled in this State that, in order to establish a resulting trust in lands conveyed to the grantee, it is necessary and indispensable that an actual payment of the purchase money, or some definite portion of it, should be clearly proved to have been made by the *cestui que* trust, at the time of the purchase. *Ex parte Trenholm,* 19 S. C., 126; *Richardson v. Day,* 20 S. C., 412, 418; *Mims v. Chandler,* 21 S. C., 480, 491; *Brown v. Cave,* 23 S. C., 251, 257; *Boozer v. Teague,* 27 S. C., 348, 368, 3 S. E., 551; *Watson v. Young,* 30 S. C., 144, 151, 8 S. E., 706; *Jones v. Hughey,* 46 S. C., 193, 196, 24 S. E., 178; *Gaines v. Drakeford,* 51 S. C., 37, 38, 27 S. E., 960; *Rogers v. Rogers,*

52 S. C., 388, 391, 29 S. E., 812; *Green v. Green*, 56 S. C., 193, 213, 34 S. E., 249, 46 L. R. A., 525; *Miller v. Saxton*, 75 S. C., 237, 245, 55 S. E., 310; *Surasky v. Weintraub*, 90 S. C., 522, 532, 73 S. E., 1029.

Mr. Pomeroy says (3 Pom. Eq. Jur., § 1037) that, in order for a resulting trust to arise, "it is absolutely indispensable that the payment should be actually made by the beneficiary, or that an absolute obligation to pay should be incurred by him as a part of the original transaction to purchase, at or before the time of the conveyance; no subsequent and entirely independent conduct, intervention, or payment on his part would raise any resulting trust."

The rationale upon which this principle is based is thus clearly stated by Chief Justice McIver in *Ex parte Trenholm, supra*:

"In the leading case of *Botsford v. Burr*, 2 Johns Ch. [(N. Y.), 405] at page 408, Chancellor Kent says: 'If A. purchases an estate with his own money, and takes the deed in the name of B., a trust results to A. because he paid the money. The whole foundation of the trust is the payment of the money. *Willis v. Willis*, 2 Atk., 71. If, therefore, the party who sets up a resulting trust made no payment, he cannot be permitted to show by parol proof that the purchase was made for his benefit or on his account.' Again he says: 'Nor would a subsequent advance of money to the purchaser, after the purchase is thus complete and ended, alter the case. It might be the evidence of a new loan, or be the ground of some new agreement, but it would not attach by relation a trust to the original purchase; for the trust arises out of the circumstance that the money of the real, and not of the nominal, purchaser formed at the time the consideration of that purchase, and became converted into the land.'

"In *Willis v. Willis, supra*, Lord Hardwick says, in speaking of this class of resulting trusts: 'Now trusts of this nature are when the legal interest is in another, but the purchase-money has been paid by a third person; this is a resulting trust for him who paid the money, but then he must

clearly prove the payment.' As is said by Kent. Ch., in *Boyd v. McLean,* 1 John. Ch. [(N. Y.), 582], at page 590, in speaking of the admissibility of parol evidence to establish a resulting trust: 'The cases uniformly show that the Courts have been deeply impressed with the danger of this kind of proof as tending to perjury and the insecurity of paper titles, and they have required the payment by the *cestui que* trust to be clearly proved.

"In 4 Kent Com., 305 (fifth edition) it is said, upon the authority of a number of cases there cited: 'Where an estate is purchased in the name of A., and the consideration money is actually paid at the time by B., there is a resulting trust in favor of B., provided the payment of the money be clearly proved. The payment at the time is indispensable to the creation of the trust.'

"In *Olcott v. Bynum,* 17 Wall [44], 59 (21 L. Ed., 570), it is said: 'Such a trust must arise, if at all, at the time the purchase is made. The funds must then be advanced and invested. It cannot be created by after-advances or funds subsequently furnished. It does not arise upon subsequent payments under a contract by another to purchase.'

"In our own case of *Taylor v. Mayrant,* 4 Desaus. [505], 516, it is said: 'It appears 'from the authorities quoted that a resulting trust cannot be raised by construction. It must be grounded on plain proof of the application of the funds of the party for whom it is raised.' "

From these authorities, it is settled beyond question that proof of the payment of the purchase money, or some definite portion of it, by the beneficiary, must be clearly and unmistakably shown. It is equally well settled that such payment must be made at or before the time of the purchase.

Testing this case by these principles it is too clear for argument that the plaintiff has failed to establish any resulting trust in his favor. By his own admission, the money he claims to have advanced on the purchase

money was given to S. P. Hutto after the purchase and conveyance had been made.

A determination of this question adversely to the appellant makes unnecessary any discussion of other questions raised by the appeal. We may say, however, that we have given consideration to the remaining exceptions and agree with the Circuit Judge that the competent evidence adduced to support the claim of a resulting trust is insufficient, because of its vagueness and uncertainty, to establish a resulting trust in favor of the appellant in the lands in question.

Judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER concur.

MR. JUSTICE CARTER did not participate on account of illness.