By the constitution as well as the laws of the state, all lotteries and the selling of lottery tickets are prohibited. Lotteries are declared by law to be common and public nuisances, and the uttering of lottery tickets is made a misdemeanor, punishable by fine and imprisonment. (Const. art. 1, § 10; 1R.S. 665, §§ 33, 36.)
All contracts and dealings in respect to lotteries and tickets in lotteries being illegal, no right of action can accrue to a party by reason of such contracts and dealings, according to the maxim, ex turpi causa non oritur actio. (Broom's Leg. Maxims,
350.) If, however, a contract is made and is to be performed without the state, and is valid by the laws of the place where made and to be performed, it would be upheld by the courts of this state, out of respect to the foreign law, and upon principles of comity by which courts are governed, if not contrary to the principles of morality or public policy, although such contract would be illegal within this state. It has been held that contracts made and to be performed without this state in regard to lotteries, being lawful in the state where they were made and to be performed, were not so plainly contrary to morality that our courts could refuse to give them effect. It was suggested that it would be ungracious, after the legislature had authorized lotteries for educational, religious and benevolent purposes, to refuse to uphold contracts in respect to them, upon the ground that they were founded in moral turpitude. (TheCommonwealth of Kentucky v. Bassford, 6 Hill, 526.) *Page 439 
The contracts upon which this action is brought, if made within this state by a sale of the lottery tickets by the defendants to the persons under whom the plaintiff claims, are illegal, and cannot be the subjects of an action. The plaintiff, to entitle himself to recover, must show contracts valid by the law of the place where made; and if contracts of this character relied upon are prohibited by the lex fori, it is incumbent upon him to state the circumstances which make this case an exception to the rule, as that the contracts were made in a place and under circumstances which rendered them valid and legal. The plaintiff having resorted to the courts of this state to enforce contracts prohibited and made indictable by the law of the state, the subject matters of which are declared to be public and common nuisances, should, by an averment of the place where made, and that by the laws of that place such contracts were authorized, have shown that these contracts were not within the statute and vitiated by it, the laws of the state having no extra territorial force. It is as if an exception had been engrafted upon the statute which prohibits all dealing in regard to lottery tickets, excluding from its operation all contracts made without the state; and the plaintiff, in seeking to enforce a contract within the general statute, must, in pleading, by proper averments bring himself within the exception. (Chitty's Plead. 224, 309.) The courts cannot, in the absence of an averment to that effect, for the purpose of upholding a contract conceded to be immoral and declared to be illegal, presume that it was made in some other state or country in which such contracts are still tolerated. Neither is it matter of defense, to be alleged by the defendant, that it was made within the state, and is therefore illegal. The legality and validity of the agreement and the consequent liability of the defendant are to be shown by the plaintiff, by proper averments in the complaint. I do not suppose that the courts are called upon to presume or assume that contracts are made in any particular place when nothing is shown in that behalf; but if any presumption is to be indulged, it must be that the transaction which is the foundation of the action occurred within the jurisdiction *Page 440 
in which it is sought to be investigated, and the legal liabilities resulting from it enforced. The question of where made, if material to give validity to the contract, or to aid in its construction, is for the jury upon the evidence, and like every other fact should be averred in pleading, that the judgment may be in accordance with the allegations as well as the proofs of the parties. The determination of the issues of fact presented by the pleadings, should settle the judgment to be given, and the issues should be so framed that an inspection of the record shall disclose the ground of the judgment. But in a case like the present, if the plaintiff is correct in his positions, the rights of the parties may, and probably do, depend upon a question of fact entirely outside of the pleadings, and the plaintiff's right to recover depends mainly upon a fact not alleged, and one therefore which the defendant is not called upon to controvert by answer. The place of the making of the contract is so intimately connected with the case of the plaintiff, and so material to his right to maintain the action, that its affirmation was essential to the validity of his complaint. The plaintiff in his complaint has therefore failed to show a valid and legal contract from which a liability can result on the part of the defendants, and the judgment of the supreme court must be affirmed with costs.