JOHN T. BANCHOR, Respondent, v. JAMES A. GREGORY ET
AL., Appellants.

May 25, 1880.

1. Where the defendant does not demur, but confesses and avoids, thereby
   pleading as though the petition presented proper issues, he waives the
   objection that the petition does not sufficiently aver constitutive facts.

2. Where a foreign law is substantive, it must be pleaded; but not where it is
   merely evidential.

3. Where, for the purpose of showing an agent's authority to sell, evidence of
   former sales by the agent for the principal has been admitted as showing
   a course of dealing, it is proper to instruct as to the legal effect of this
   evidence.

4. The order of the introduction of evidence is within the discretion of the
   trial court.

5. Where the statute law of another State enters into an agreement it will, if
   not against public policy, be enforced in a sister State.

APPEAL from the St. Louis Circuit Court, THAYER, J.
*Affirmed.*

HARRIS & JOY and D. G. BANTZ, for the appellants:
Ownership must be averred, and the mere allegation that
plaintiff was entitled to the immediate possession is insufficient. — *Pattison* v. *Adams*, 7 Hill, 126; *Bond* v. *Mitchell*,
3 Barb. 304; *Clark* v. *Skinner*, 20 Johns. 465. "Every
fact which the plaintiff must prove to maintain his suit is
*constitutive*, in the sense of the Code, and must be alleged."—
*Darby* v. *Cabanne*, 1 Mo. App. 120; *Pier* v. *Hein-
richoffen*, 52 Mo. 336. The warehouse law of Kentucky
was a fact, and ought to have been alleged.—*Rotts* v. *Merry-
weather*, 8 Bush, 401; *Palfrey* v. *Railroad Co.*, 4 Allen,
55; *Kline* v. *Baker*, 99 Mass. 254; *Morrissey* v. *Ferry*,
47 Mo. 225; *Selking* v. *Hebel*, 1 Mo. App. 340. In the
absence of pleading and competent proof of such foreign
law, the presumption is that the common law prevails in the
sister State, and that such common law is the same as our
own. — *Warren* v. *Lusk*, 16 Mo. 111; *Wilson* v. *Cockrill*,
8 Mo. 1; *Leak* v. *Elliott*, 4 Mo. 450. Even though the com-

mon law on this particular subject be abrogated in this State by express statute. — *Lucas* v. *Ladrew*, 28 Mo. 343.

A. J. P. GARESCHÉ, for the respondent : Every contract is determined by the law of the place where it is made ; and in the execution of every contract, parties are supposed to contract with a knowledge of the laws pertinent to the transaction. — *Houghtaling* v. *Ball*, 19 Mo. 85 ; *s. c.* 20 Mo. 565 ; *Baker* v. *Stonebreaker*, 36 Mo. 349 ; *Skouton* v. *Wood*, 53 Mo. 382 ; *McMurtry* v. *Morrison*, 62 Mo. 146. The law of Kentucky was properly admitted without having been pleaded. — *Charlotte* v. *Chouteau*, 33 Mo. 200. Though a petition be defective, if it is treated as if every matter were formally pleaded, its defects are cured by verdict. — *Farmer* v. *Richardson*, 36 Mo. 45 ; *Robinson* v. *Sullivan*, 51 Mo. 529 ; *s. c.* 53 Mo. 436 ; *Jones* v. *Louderman*, 39 Mo. 291.

HAYDEN, J., delivered the opinion of the court.

This is an action in the nature of trover for ninety-seven barrels of whisky. After a denial, the defendants alleged that they, being commission merchants in St. Louis, had dealings with one Taylor, a manufacturer of whisky in Kentucky, who delivered to them certain warehouse-receipts of Newcomb, Buchanan & Co., drawn to Taylor's order, covering the whisky in question ; that upon these receipts the defendants, in the usual course of business, made advances, and subsequently sold the whisky for Taylor, accounting to him for the proceeds. The defendants allege that when Newcomb, Buchanan & Co. issued the receipts they had the whisky in their possession, as warehousemen, and that the defendants had no suspicion that any third person claimed an interest in the property ; that if the plaintiff owned the whisky, he had given Taylor full authority to sell it, and that Taylor had sold it to Newcomb, Buchanan & Co. Upon the trial, there was evidence tending to show that the ninety-seven barrels of whisky were part of a larger quantity manufactured for the plaintiff, a merchant doing busi-

ness in Boston, by Taylor, in Kentucky, in 1874 ; that the whisky was first removed to the United States bonded warehouse, where it remained a considerable time, receipts being issued to the plaintiff, and then to Taylor's warehouse, the old receipts being given up and new ones issued to the plaintiff; and evidence tending to show that the plaintiff paid for and owned the whisky. The defendants gave evidence. tending to support the allegations of their answer. There was a verdict for the plaintiff.

It may be that the petition would have been bad upon the demurrer ; but the defendants neither demurred nor moved in arrest. They, by their answer, took issue as though the petition was correct ; since the answer denies that the plaintiff was the owner of the whisky, and then, conditionally confessing a title or interest in him, goes on to set up matter in avoidance. Thus the answer waives and cures the defects of the petition.

In his opening evidence the plaintiff offered the statute of Kentucky in regard to warehouse-receipts, and the defendant objected on the ground that it was not pleaded. It is said that a foreign law is a fact, and must be pleaded ; but this concludes the question only on the basis that all facts must be pleaded. Under our system, no facts that are merely evidential ought to be pleaded. If the foreign law is a substantive fact, as it usually is, it should be pleaded. But here the action, as such, did not rest upon the law. The action was trover, and the law formed one item in the plaintiff's case. It was not the basis of the plaintiff's title, but, at most, an element of it. Where an action or defence rests immediately on a foreign law, there the law is a substantive fact, and must be pleaded as well as proved. *Thatcher* v. *Morris*, 11 N. Y. 437 ; *Munroe* v. *Douglass*, 5 N. Y. 447 ; *Phinney* v. *Phinney,* 17 How. Pr. 197 ; *Bean* v. *Briggs*, 4 Iowa, 464. The plaintiff's reply was here merely a general denial ; but it was not in his reply that he was to set up the facts constituting his case. His case did

not rest on a confession and avoidance of the matter set up in the defendant's answer. Its gist was title in himself and conversion by the defendants, and one branch of his evidence in opening was the statute and the matters connected with it. The plaintiff was not obliged to plead evidence because the defendant did.

It is contended that the plaintiff gave Taylor the right to dispose of the whisky in dispute, and that through Taylor the defendants derived a good title. The court instructed the jury that although the plaintiff might have given Taylor special authority, in one or more instances, to sell particular lots of the plaintiff's goods, yet this would not confer authority to sell the whisky in dispute; and that the evidence of other sales was admitted only to enable the jury to determine whether, from the general course of dealing between the parties, the disposition made by Taylor of the property could be inferred to have been authorized by the plaintiff. This instruction is not open to the objection made to it by the defendants. The plaintiff had a right to have his theory fairly put to the jury, as there was evidence tending to support it; and it was no more than proper for the court to explain to the jury the legal effect of certain of the evidence, and the restriction under which it was admitted. It was the plaintiff's theory that it was only in special cases that he had given authority to Taylor to sell, and it was true, as matter of law, that from such special powers as parts of the evidence tended to show, no inference of authority extended to the sale of the present goods. The testimony of the defendants' witnesses, as to general authority, was amply covered by the instructions of the court, to the effect that if the plaintiff gave Taylor the authority to sell the whisky in dispute, and Taylor did so, then the jury must find for the defendants, even though the plaintiff had in his possession warehouse-receipts of Taylor for the whisky at the time the defendants acquired it; and that in determining whether the plaintiff gave Taylor authority to dispose

of the whisky, the jury might consider all the facts and circumstances in evidence. This and the fourth instruction were properly modified by the one which is above stated.

A great number of objections are made by the defendants which are not of a character to be noticed at length. The case seems to have been fairly put to the jury, who have found against the defendants upon the facts. It matters not whether the warehouse-receipts were admitted at the proper stage of the case. They were competent evidence in the case, and this is sufficient. The evidence of the plaintiff, as to the size of the whisky-barrels and the quantity of whisky they contained, was substantially confirmed by testimony of the defendants' witnesses. Other objections are made to the admission of testimony, but in those pointed out we are unable to discover any merit.

The court below refused the instructions of the defendants based upon the necessity for an absolute delivery of chattels to a vendee within a reasonable time after the sale, and the necessity of actual possession in the vendee as against creditors and subsequent purchasers, as to the effect of plaintiff's permitting the whisky to remain in the place of business of Taylor, and instructed to the effect that if the plaintiff bought the whisky and paid for it, and if Taylor placed the whisky in a bonded warehouse attached to his distillery, on storage for the plaintiff, and afterwards executed and delivered to the plaintiff bonded-warehouse receipts for the whisky, and if, afterwards, the whisky was removed from the bonded warehouse, on the payment of the government tax, and placed in a free warehouse, kept by Taylor, and, after the whisky was so stored, Taylor executed and delivered to the plaintiff the free warehouse-receipts put in evidence, such acts on the part of the plaintiff and Taylor operated to vest the title and ownership of the whiskey in the plaintiff; that Taylor thereafter had no right to remove the whisky from the free warehouse, or to sell or pledge the whisky without the consent of the plaintiff; that even

though the jury might believe that Taylor pledged the whisky to Newcomb, Buchanan & Co. for advances, and the defendants received the whisky from them, and both acted in good faith, and that the defendants disposed of the same in ignorance of the plaintiff's rights, such facts furnished no defence to this action, if the jury believed that Taylor, in disposing of the whiskey, acted without the consent, knowledge, or authority of the plaintiff.

It cannot be objected that this instruction does not correctly declare the effect of the warehouse-law of Kentucky; but complaint is made that this law is enforced against a citizen of this State. But there is nothing in the law contrary to public policy, and there is no reason why the courts of the sister States should not enforce laws of this character, especially when they have similar laws upon their own statute-books, through that comity which is a part of the law of the country. The transactions took place in Kentucky, the local law entered into the contract there made, and the defendants were bound to know that whatever contract-rights attached under the laws of the State where the property came from, would be respected in the forum of their own State.

The judgment is affirmed. Judge BAKEWELL concurs; Judge LEWIS is absent.