Brady, J.
It is not necessary to consider in this case the alleged irregularities which apparently affect the validity of the judgment, for the reason that it distinctly appears to be a controversy in which the plaintiff seeks to recover profits resulting from an illegal business, to aid in which this court has several - times, and in accordance with the rules of the common law, declared it would not lend its process or jurisdiction. Indeed it would be quite justified, so emphatically has this determination been announced to simply direct the affirmance of the order appealed from with costs, but in order that the views entertained may neither be misunderstood nor misconstrued a brief expression will be given.
In March, 1818, in the case of Simmons v. Wood, decided in this department, a similar transaction was declared to be one prohibited by law, and an order made on a motion in which the decision was predicated of the illegality of the cause of action affirmed. In the case of Colton v. Remsen, Daily Register, April 1, 1885, general term and Daily Register, September 1, 1886, a similar enunciation was made, and it was held that this court would not interfere for or against either of the parties engaged in a prohibited business, one against the policy and laws of the state.
And this is the rule to be applied even if the lotteries to which the business carried on in this state relates, are authorized by other states. The inhibition extends to all lotteries not authorized by the laws of this state. See also Thacher v. Morris (11 N. Y., 437); Wilkinson v. Gill (10 Hun, 156); Grover v. Morris (73 N. Y. 476); Hart v. The People (26 Hun, 396). The legislature, by enactment, and the constitution, by proper phrase, have condemned lotteries, and thus, by statute law, by the doctrine of the common law against gambling, and by the fundamental law of the state, the plaintiff is confronted, and it becomes the duty of the court when the true character of the action has been fully and clearly developed, and the power thereto has been invoked to say to the plaintiff, you shall proceed no farther, to allow you to do so would be to violate these laws to abuse the powers invested in us and to outrage the dignity of the people whose will has been expressed.
Order appealed from affirmed with ten dollars costs and disbursements.
Van Brunt, P. J., and Daniels, J., concur.