S. T. SEVERSON, Respondent, v. A. D. DICKINSON, JR., Appellant.*

In the Kansas City Court of Appeals, March 3, 1924.

1. **STATUTES: Construction: Foreign Laws: Pleading: Statute Requiring Pleading of Foreign Law Construed.** Under section 1261, Revised Statutes 1919, where a cause of action or defense rests on the law of another State, the law must be pleaded or proved, but where the foreign law is not the basis of the action but merely an evidential part thereof, it may be proved without being pleaded.

2. ————: Pleading: Foreign Judgment: In Action to Recover upon Foreign Judgment, Petition Held to Comply with Statute Requiring Pleading of Foreign Statutes. In a suit upon a Wisconsin judgment, where petition alleged that judgment was rendered in the circuit court of Dane County, Wisconsin, a court of competent jurisdiction, *held* sufficient compliance with terms of section 1261, Revised Statutes 1919, to the effect that it shall be sufficient to allege that the act was done by authority of such statute, or to refer thereto in general terms with convenient certainty.

3. JURISDICTION: Presumption: Presumed that Court of General Jurisdiction Acted within Its Scope as to Jurisdiction. It must be presumed that a court of general jurisdiction acted within its proper scope as to jurisdiction.

4. STATUTES: Foreign Laws: Evidence: In Action on Foreign Judgment Where Court's Jurisdiction to Render it was Denied, Statutes Applicable to Issues Held Admissible in Evidence under Pleadings.

   In an action to recover upon a judgment rendered in a foreign State, where defendant denied the jurisdiction of the court that rendered the judgment and in reply plaintiff pleaded the statutes of such State applicable to the issues and proved the same at the trial, *held* the same were properly admissible under the pleadings.

5. APPEAL AND ERROR: Assignment of Error Should Point Out Lack of Identification of Statutes of Foreign State, Particularly Where the Record was Regular upon Its Face. In an action upon a foreign judgment, an assignment of error that the trial court erred in admitting evidence of the statute of such foreign State because not properly authenticated, should State wherein the identification of the statutes was lacking, particularly where the record appeared to be regular upon its face.

6. TRIAL PRACTICE: Unnecessary to File Certified Copy of Judgment of Foreign State in Trial Court before Introduction in Evidence. In an action upon a judgment rendered in a foreign State, it is unnecessary to file a certified copy of such judgment with the court prior to its introduction in evidence.

7. APPEAL AND ERROR: On Appeal an Assignment of Error not Briefed Will Not be Considered. On appeal an assignment of error which is not briefed will not be considered.

8. JUDGMENT: Jurisdiction: Pleading: Foreign Court of General Jurisdiction Presumed to Have Authority to Render Judgment Which It Did and Whether Petition upon Which It Was Based Stated a Cause of Action, was for That Court to Determine. There is a conclusive presumption that a foreign court of general jurisdiction had authority under the pleadings filed therein to render the judgment

which it did and whether the petition upon which such judgment was based stated a cause of action was for that court to determine.

9. ———: Collateral Attack: Pleading: Judgment of Foreign Court of General Jurisdiction not Void Because of Failure of Petition to State Cause of Action, nor for That Reason Open to Collateral Attack. Judgment of a court of general jurisdiction having the parties to the controversy before it and having power to determine the class of cases for which relief is prayed, is not void because of the failure of the petition to state cause of action, and is not for that reason open to a collateral attack.

10. ———: Process: Failure to Attach Complaint to Summons Served on Defendant Held not to Render Invalid Foreign Judgment.. That no complaint was attached to the summons served upon defendant *held* not to render a Wisconsin judgment void, in view of section 2633, Statutes of Wisconsin 1917, providing that a copy of the complaint may or may not be served with the summons at the plaintiff's option.

11. ———: ———: Foreign Judgment Held not Invalid Because Summons Issued by Plaintiff's Counsel and not by Clerk of Court. In view of section 2630, Statutes of Wisconsin, 1917, providing that summons may be issued by plaintiff's counsel, objection that summons was not issued by any clerk of the court or other officer of law, but by counsel for plaintiff, did not render judgment invalid.

12. ———: ———: Foreign Judgment Held not Void Because Service on Defendant was Made in a County Other Than the One in Which the Action was Commenced. That service of summons on defendant was made in a county other than the county in which the action was commenced, by a sheriff of that county, did not render a Wisconsin judgment void, in view of section 2635, Statutes of Wisconsin 1917, providing that summons may be served by the sheriff of the county where defendant may be found, and section 2620, providing that the county designated in the complaint shall be the place of trial, unless changed in the time and manner provided in section 2621.

13. ———: Where Sheriff's Return of Summons was Regular upon Its Face, Court Must Hold Defendant was Personally and Legally Served. Where return of service of summons by sheriff of county in which defendant was found and personally served and was regular upon its face, it is *held* in action upon a foreign judgment, that defendant was personally and legally served.

———————

*Headnotes 1. Statutes, 36 Cyc., pp. 1240, 1241; 2. Statutes, 36 Cyc., p. 1242; 3. Courts, 15 C. J., section 146; Evidence, 22 C. J., section

68;   4. Statutes, 36 Cyc., p. 1242; 5. Appeal and Error, 3 C. J., section 1521; 6. Trial, 38 Cyc., p. 1337 (Anno); 7. Appeal and Error, 3 C. J., section 1587, 4 C. J., section 3057; 8. Judgments, 34 C. J., section 1615; 9. Judgments, 34 C. J., section 1632; 10. Judgments, 34 C. J., sections 1603, 1632; 11. Judgments, 34 C. J., sections 1603, 1619; 12. Judgments, 34 C. J., sections 1603, 1619; 13. Judgments, 34 C. J., section 1619.

Appeal from Circuit Court of Jackson County.—*Hon. Thad B. Landon*, Judge.

AFFIRMED.

*Edwin A. Krauthoff, W. S. McClintock* and *A. L. Quant* for respondent.

*W. F. Zumbrunn* for appellant.

ARNOLD, J.—This is an action to recover upon a judgment alleged to have been rendered against defendant in the circuit court of Dane County, Wisconsin. The present suit was instituted in the circuit court of Jackson County, Missouri.

Defendant filed an amended answer alleging (a) that the Wisconsin court was without jurisdiction of the subject-matter to render the judgment; (b) that it was without jurisdiction of the person of the defendant for the reason that the court did not have jurisdiction of the subject-matter to render said judgment; (c) that the court in Wisconsin never acquired a valid, personal service upon the defendant, and therefore the defendant never was before the court and the judgment therein rendered was therefore null and void. Plaintiff filed a reply which was a general denial and a matter of affirmative defense, as follows: "Plaintiff alleges that on or shortly prior to June 25, 1919, the plaintiff commenced suit against said defendant in Dane County, Wisconsin," and that his attorneys in Madison, Wis., executed and delivered to the sheriff of Monroe Co., Wis., the following written notice:

"State of Wisconsin, Circuit Court Dane County, S. T. Severson, Plaintiff v. Texas Irrigated Land Company and A. D. Dickinson, Jr., Defendants.
"The State of Wisconsin to said defendants:
"You are hereby summoned to appear within twenty days after service of this summons, exclusive of the day of service, and defend the above entitled action in the court aforesaid; and in case of your failure so to do, judgment will be rendered against you according to the demand of the complaint."

That the sheriff of Monroe County, Wis., by his return certified that on June 25, 1915, he delivered to and left with defendant personally, a true copy of said summons, endorsing the date of the service upon the said copy and signing his name thereto; that he knew the person so served to be the person mentioned and intended as one of the defendants in said action; that on said July 8, 1919, the plaintiff caused said summons and notice and said return of said sheriff to be filed in the circuit court of Dane County, Wis.; that said defendant entered no appearance in said suit and that he was a non-resident of the State of Wisconsin; that on October 4, 1919, plaintiff filed in the circuit court of Dane County his complaint, pursuant to said notice served as aforesaid on defendant, and on the 26th day of February, 1920, the judgment sued on was duly entered and made; that said judgment was a valid judgment *in personam* against defendant and that it is entitled to full faith and credit within the State of Wisconsin under Article 5, Section 1 of the Constitution of the United States, and the Acts of Congress; that the circuit court of Dane County, Wis., is a court of general jurisdiction, and in said suit had jurisdiction of the subject-matter and of defendant, under and by virtue of the provisions of the Constitution and of the statutes of Wisconsin at said time in full force and effect, and pursuant to which the said court then and there had jurisdiction which provisions of said Constitution and statutes plaintiff sets forth in his reply.

The case was tried to the court without the aid of a jury. Plaintiff introduced evidence tending to support the allegations of the petition and reply. Defendant refused to introduce any evidence. The finding of the court on the issues was for plaintiff in the sum of $4639.44. Defendant filed a motion for a new trial and therein, for the first time, raised a constitutional question. The said motion for new trial and a motion in arrest were overruled and defendant perfected his appeal to the Supreme Court of Missouri. That court held the constitutional question was not timely raised, and as the amount involved is within the jurisdiction of this court, the cause was accordingly transferred to this court for review.

As a first assignment of error, defendant urges that his objection to the introduction of the Wisconsin statutes should have been sustained because ''the same were not pleaded in chief as a part of plaintiff's cause of action—being improper to plead that fact by way of replication.''

Section 1261, Revised Statutes 1919, provides: ''It shall not be necessary, in any pleading, to set forth any statute, public or private, or any special matter thereof; but it shall be sufficient for the party to allege therein that the act was done by the authority of such statute, or contrary to the provisions thereof, naming the subject-matter of such statute, or referring thereto, in some general terms, with convenient certainty.'' In construing this statute, it has been held that where a cause of action or defense rests on the law of another State, the law must be pleaded or proved; but where the foreign law is not the basis of the action, but merely an evidential part thereof, it may be proved without being pleaded. [Banchor v. Gregory, 9 Mo. App. 102; Hazelett v. Woodruff, 150 Mo. 534, 51 S. W. 1048; Steele v. Steele, 161 Mo. 566, 61 S. W. 815.]

The petition herein alleges that the plaintiff, appearing by his attorneys, ''for his cause of action alleges

216 M. A.—37

that on February 23, 1920, in the circuit court of Dane
County, Wisconsin, a court of competent jurisdiction
. . . judgment was rendered.'' We think this alle-
gation is a compliance with the terms of the statute to
the effect that ''it shall be sufficient for the party to allege.
. . . that the act was done by the authority of such
statute.'' ''. . . or referring thereto in some general
terms, with convenient certainty.'' It must be presumed
that a court of general jurisdiction acted within its prop-
er scope as to jurisdiction. It was held in Wonderly v.
Lafayette County, 150 Mo. 635, 646:

''In a suit upon a judgment of a circuit court of the
United States it is not necessary to set out in the peti-
tion facts to show that that court had jurisdiction. Nor
can such a suit be defeated on a plea that at law that
the facts required to confer the jurisdiction did not exist.
The judgment of that court is not subject to attack in that
way. If the facts conferring jurisdiction do not appear
on the face of the whole record, the judgment may be re-
versed on appeal or writ of error, but the proceedings
cannot be treated as *coram non judice,* as would be the
case if it were a court not only of limited but also of in-
ferior jurisdiction. The circuit courts of the United
States are of limited but not inferior jurisdiction. [Des
Moines Nav. Co. v. Iowa Homestead Co., 123 U. S. 552.]
The judgment of such courts are entitled to equal rank
and presumption of regularity as are judgment of the
circuit courts of this State. [Reed v. Vaughan, 15 Mo.
loc. cit. 141.]''

Defendant, in his answer, denied the jurisdiction of
the circuit court of Dane County, Wis., and in reply plain-
tiff pleaded the statutes of the State of Wisconsin appli-
cable to the issues and proved the same at the trial. De-
fendant objected to their introduction, but we hold their
introduction was proper under the pleadings.

It is also urged that the court erred in the admission
of evidence of the Wisconsin statutes for the reason that
the same were not properly authenticated in the manner

provided by our law for the introduction in evidence of foreign laws. This charge is without merit for the reason that the record shows the Wisconsin statutes were identified, offered in evidence and received by the court. Defendant fails to suggest wherein the identification of the statutes is lacking and as the record on this point is regular on its face, we rule against appellant on this point.

Defendant also declares the court erred in overruling his objection to the introduction in evidence of a certified copy of the judgment rendered in Wisconsin on the ground that "the same was not filed with the court or the clerk of the court prior to the introduction in evidence." The purport and meaning of this assignment is not clearly understood. If it is meant that the certified copy of the judgment was not filed with the Jackson County circuit court, we must hold that under the laws of this State in cases of this character, such filing is not necessary. The point was not briefed by defendant.

Under the fourth assignment of error, it is charged that the certification of the Wisconsin judgment was not authenticated in the manner provided by Act of Congress. Again we are confronted with a failure on the part of defendant to brief this point, and it will not there-fore be necessary to consider it.

Assignments 5, 6 and 7 are statements, each from a different angle, to the effect (a) that the trial court in Wisconsin was without jurisdiction of the person and subject-matter; (b) that the alleged exemplified copy of the judgment introduced in evidence showed that no cause of action was stated in the proceeding in the State of Wisconsin; and (c) the court in Wisconsin having no jurisdiction of the subject-matter, the court in the instant case committed error in rendering judgment in favor of plaintiff for the reason that it violates the fourteenth amendment to the Constitution of the United States.

The point last made has already been answered against defendant's position in the ruling of the Supreme Court herein to the effect that there is no constitutional question involved in this appeal. Assignments ''a'' and ''b'' are embraced within the charges that the petition in the Wisconsin court failed to state a cause of action and that no service was had on defendant. As to the point that the petition filed in the Wisconsin court failed to state a cause of action, it is only necessary to say that the courts of this State always have held that there is a conclusive presumption that a foreign court had authority, under the pleadings filed therein to render the judgment which it did, and whether or not the petition upon which such judgment was based stated a cause of action was for that court to determine. The petition herein alleges, and the proof shows that the circuit court of Dane County, Wisconsin is a court of general jurisdiction. It was held in Cole v. Parker-Washington Co., 276 Mo. 220, 272, 273, in a separate opinion by BOND, C. J., in which Judges BLAIR, WALKER and GRAVES concur:

''That the judgment of a court of general jurisdiction having the parties to the controversy before it and having power to determine the class of cases for which relief is prayed, is not void because of the failure of the petition to state a cause of action, and is not, for that reason open to a collateral attack, is a proposition established in this State, and sustained by the overwhelming weight of authority elsewhere. The failure to state any cause of action is a non-waivable defect upon review of a judgment by appeal or error or in a direct attack made upon it. But it does not deprive the court of its jurisdiction of the class of cases to which the suit in question belongs and it does not render its judgment open to any form of collateral attack thereon.'' [See also Sidwell v. Kaster, 232 S. W. (Mo. Sup.) 1005, 1008; Winningham v. Trueblood, 149 Mo. 572; Potter v. Whitten, 161 Mo. App. 118.]

Finally it is charged that the Dane County, Wis., circuit court had no jurisdiction of the subject-matter and person of defendant. Having decided that the statutes of the State of Wisconsin were properly introduced in evidence, we have them for our guidance in the consideration of this point. It is charged that plaintiff was not properly served with process for the following reasons:

1. That the alleged summons out of Dane County, Wis., was not issued by any clerk of the court, or other officer of law, in such action. The record shows that statutory notice was issued by plaintiff's attorneys and served upon defendant in person in the county of Monroe, Wis. Section 2629, Wisconsin Statute 1917, provides that a civil action in a court of record shall be commenced by the service of summons, and that from the time of such service, or the issuance of a provisional remedy the court shall be deemed to have acquired jurisdiction and to have control of all subsequent proceedings.''

Section 2630 provides that said summons shall contain: ''(1) The title of the cause, specifying the name of the court in which the action is brought, the name of the county designated by the plaintiff as the place of trial, and the names of the parties to the action, plaintiff and defendant.

''(2) A direction to the defendants, summoning them to appear within twenty days after service of the summons, exclusive of the day of service, and defend the action.

''(3) A notice that in case of failure so to do judgment will be rendered against them according to the demand of the complaint. It shall be subscribed by the plaintiff or his attorney with the addition of his post office address, at which papers in the action may be served on him by mail. There may, at the option of the plaintiff, be added at the foot, when the complaint is not served with the summons and the only relief sought

'is the recovery of money, whether upon tort or contract, a brief notice specifying the sum to be demanded by the complaint.

"Form. Section 2631. Such summons shall be substantially in the following form:    ....Court....County.

A. B., Plaintiff,

vs.

C. E., Defendant.

The State of Wisconsin, to the said defendant: "You are hereby summoned to appear within twenty days after service of this summons, exclusive of the day of the service, and defend the above entitled action in the court aforesaid; and in case of your failure so to do judgment will be rendered against you according to the demand of the complaint, of which a copy is herewith served upon you.

"E. F.,

Plaintiff's attorney.

P. O. Address. .............., County, Wis."

"If the complaint be not served with the summons the words 'of which a copy is herewith served upon you' may be omitted or erased."

Section 2632 provides for the filing of the summons with the clerk of the court and the payment of $1 state tax within ten days after the service of an answer or demurrer; and that if not answer or demurrer be served at the time of applying for judgment, the action shall be dismissed on motion of any defendant. Defendant makes the point that no copy of the complaint was attached to the summons served on defendant. Section 2633 provides:

"A copy of the complaint may or may not be served with the summons at the plaintiff's option. If not so served the defendant may, in person or by attorney, within twenty days after the service of the summons demand in writing a copy of the complaint, specifying a place, embracing a post office address within the State,

where it may be served, and a copy of it shall be served within twenty days thereafter accordingly.''

Section 2630 answers the objection of defendant that the summons was not issued out of the circuit courts of Dane and Monroe counties by the provision that the summons may be issued by plaintiff's counsel, as was done in the case at bar.

It is also urged by defendant that as the summons designated the place of trial as Dane county and the service thereof was executed in Monroe county by the sheriff of Monroe county, there was no service. Section 2635 of the Wisconsin statutes received in evidence meets this objection in the following language: ''The summons, together with the complaint or the notice aforesaid, may be served by the sheriff of the county where defendant may be found or by any other person not a party to the action. The service shall be made and the summons, with the complaint or notice accompanying, if any, with proof of the service, returned to the person whose name is subscribed thereto with reasonable diligence. The person subscribing the summons may, at his option, by an indorsement thereon, fix a time for the service thereof, and then service shall then be made accordingly.'' The return of the summons by the sheriff of Monroe county is regular on its face and we must hold that defendant was personally and legally served. That the circuit court of Dane county proceeded according to the statutes of Wisconsin is not to be questioned here. Section 2620, in evidence, provides that the county designated in the complaint (Dane county in this instance) shall be the place of trial unless the same shall be changed in the time and manner provided in section 2621, which reads:

''When the county designated in the summons or complaint in any action is not the proper place of trial thereof the defendant may, within twenty days after the service of the complaint, serve upon the attorney for the plaintiff a demand in writing that the trial be had within

the proper county, specifying it, unless there be more than one such county, and the reasons therefor. Within five days after service of such demand the plaintiff's attorney may serve a written consent that the place of trial be changed, and specify to what county, having the option to name one of two or more in which it may be properly triable, and such consent shall change the place of trial accordingly. If the plaintiff's consent be not so served the defendant may move to change the place of trial, and shall have costs if his motion be granted. The right to obtain a change of the place of trial by proceeding as aforesaid shall not be affected by any other proceedings in the action.''

The record shows that the provisions of the various statutes to which we have referred were fully met by plaintiff, and we fail to discover any reversible error in this respect. The weakness of defendant's position in respect to the objections urged appears to lie in his attempt to apply the Missouri law of procedure to the proceedings in the Wisconsin suit which resulted in the judgment which is the basis of this action.

Failing to find reversible error of record, the judgment is affirmed.

All concur.