MAX THUNA, Respondent, v. MICHAEL J. WOLF, Appellant.*

Supreme Court, Appellate Term, First Department, May 2, 1928.

**Bills and notes — checks — action on check which defendant claims was for gambling debt — judgment reversed where court declined to submit to jury question whether game was dishonest — since there can be no recovery on checks founded on illegal consideration, in this State, judgment must be directed for defendant.**

In this action on a check, which defendant claims was for a gambling debt, it was reversible error to decline to submit to the jury the question whether the game was dishonest, particularly where the facts demonstrated that it was.

Moreover, the check was an executory contract by its terms to be performed in this State, and since there can be no recovery on checks and bills of exchange founded on a consideration that is illegal in the place of performance, judgment is directed in defendant's favor.

But had plaintiff sued on the contract rather than on the check, it might have been presumed that such a gambling debt is valid in Florida, where the check was drawn, and claim might be made that it can be enforced in the courts of this State.

APPEAL by defendant from a judgment of the City Court of the City of New York, Bronx county, directed in favor of plaintiff for $711.86, after a special finding of fact by the jury.

*Henry E. Coleman*, for the appellant.

*Charles Stein*, for the respondent.

BIJUR, J. This suit is on a check drawn on the Lawyers Trust Company of Brooklyn for $600, payable through the New York Clearing House. Payment was stopped by the drawer. The check was drawn in Florida. Two questions were left to the jury: "Was the check for $600 given by defendant to plaintiff for a gambling debt?" and "Was the check for $600 given by defendant to plaintiff for a loan of $220 and $380?" (as claimed by plaintiff). To the first question the jury answered "yes," and to the second "no."

Defendant testified that the plaintiff refused to permit him and another player to look at the cards after both had accused the plaintiff of cheating them. The court declined to submit to the jury the question whether the game was dishonest, holding as matter of law that this testimony was insufficient to permit that inference. The refusal to leave this to the jury in itself constituted reversible error. (*Gray* v. *Kaufman Dairy & I. C. Co.*, 162 N. Y. 388, 398.) Defendant also testified to a number of other facts confirming the conclusion that plaintiff recognized the irregularity of the debt. Under such circumstances the inference is justifiable

* Revg. 130 Misc. 306.

that there was something wrong with the game.  Moreover, all the facts demonstrate that it was not, as the learned judge below in his opinion terms it, a friendly or family game of poker.

Had plaintiff sued on the contract rather than on the check, it might perhaps have been presumed that such a gambling debt is valid in Florida and an argument might be made that it could be enforced in the courts of this State.  (*Commonwealth of Kentucky v. Bassford,* 6 Hill, 526; *Thatcher* v. *Morris,* 11 N. Y. 437; *Ruckman* v. *Bryan,* 3 Den. 340.)  The discussions in these cases follow the English law as laid down in *Saxby* v. *Fulton* (L. R. [1909] 2 K. B. 208).  But see *Meacham* v. *Jamestown, F. & C. R. R. Co.* (211 N. Y. 346) and *Flagg* v. *Baldwin* (38 N. J. Eq. 219).

But that question need not now be answered.  Plaintiff chose to sue on the check.  This check was an executory contract, by its terms to be performed in Brooklyn.  All matters connected with its performance are regulated by the laws of the place where the contract by its terms is to be performed.  (*Union Nat. Bank of Chicago* v. *Chapman,* 169 N. Y. 538.)  The law seems to be well settled that there can be no recovery on checks or bills of exchange founded on a consideration that is illegal in the place of performance.  (*Commonwealth of Kentucky* v. *Bassford, supra; Moulis* v. *Owen,* L. R. [1907] 1 K. B. 746; Dicey Conflict of Laws [4th ed.], 594; Minor Conflict of Laws, § 176.)

It follows that the judgment must be reversed, with costs, and judgment directed in favor of defendant, with costs.

All concur; present, BIJUR, DELEHANTY and CRAIN, JJ.