James MOORE, Plaintiff-Appellant,

v.

SECURITIES CREDIT COMPANY and Circle Finance Company of St. Louis, Defendants-Respondents.

No. 33829.

St. Louis Court of Appeals, Missouri.

Dec. 23, 1971.

Motion for Rehearing or to Transfer to Supreme Court Denied Jan. 20, 1972.

Application to Transfer Denied Feb. 22, 1972.

Sen. Raymond Howard, St. Louis, for plaintiff-appellant.

Hall, Reaban, Seigel & Hyatt, Eli C. Seigel, St. Louis, for defendants-respondents.

JAMES RUDDY, Special Judge.

This appeal arises out of a suit against two corporations alleging a false return having been made by a special deputy appointed under § 517.100, RSMo., V.A.M.S. Plaintiff's (Appellant) petition alleged that on the 7th day of April, 1965, defendants (Respondents) had a special deputy named Grant Williams appointed to summon plaintiff in a suit on a note. Said special deputy made a written return that he left the summons with Mrs. Louise Moore, wife of the plaintiff, on the 7th day of April 1965. The petition alleged that the defendants, nor their appointed special deputy, never served a summons upon plaintiff nor his wife in any manner or on any date and that said return by defendants' special deputy was false.

The evidence showed that respondents, Securities Credit Company and Circle Finance Company of St. Louis, had filed suit against the appellant in the Magistrate Court of the City of St. Louis, being designated as Cause No. 76688–D and styled as Securities Credit Company, a corporation, vs. James Moore. The magistrate file reflected there were two unsuccessful attempts by the constable to serve summons of process in that case upon the appellant. Thereafter, at the request of the respondents, a special Deputy Constable was designated by respondents to serve said summons. On April 7, 1965 the special deputy made a written return stating that the summons had been left with Mrs. Louise Moore, wife of the appellant. On July 20, 1965 a default judgment was rendered against the appellant in said magistrate case in the amount of Two Hundred Thirty-Four Dollars and Eighteen Cents ($234.18) and court costs. The special deputy was appointed on behalf of respondents pursuant to § 517.100, RSMo., V.A.M.S. Subsequent to the default judgment being entered there were four executions run on plaintiff's salary at various times. The amount withheld from his salary was approximately Eighty-Two Dollars and Thirty-Three Cents ($82.33) which was paid into court by Knodel's Bakery, his employer.

There was further evidence that a James T. Moore (not the appellant) had consulted an attorney with reference to a summons he had received in a suit filed by the respondents. However, the attorney stated that the appellant was not the same James T. Moore who had consulted with him. The attorney drafted an affidavit on behalf of that James T. Moore, denying any indebtedness or responsibility to the respondents and this affidavit was accepted by the respondents. There was further evidence that the judgment that the respondents obtained was founded upon a note which was purchased by the respondents from the "John Hancock Institute". Plaintiff testified his full name was James Moore, having no middle initial, and that he resided at 1298 Hamilton in the City of St. Louis since August of 1964. He testified he had never signed any promissory note with the Securities Credit Company, the defendant in this lawsuit, or the Circle Finance Company, its successor corporation. He further testified that he had never had any dealings with this company in

any way, shape or form, and that he had not signed a note for them on April 23, 1963 in the amount of Two Hundred Thirty-Four Dollars and Eighteen Cents ($234.18) and he had never received any money from them. He testified he was never served with a summons on April 7, 1965, and at that time he did not live at 1121 North 8th Street, Apartment 501, but at that date was living at 1305 Hamilton Avenue. He further testified his wife Louise had passed away in February of 1964 and she was deceased on April 7, 1965, the date of the alleged service. His first knowledge of any suit against him was when a garnishment was run against his employer, Knodel's Bakery. After the first garnishment was run and a certain amount was deducted from his salary he spoke to someone at Securities Credit Company and advised them that he did not owe them anything and that he had never been served with any papers. They advised him that a Mr. Grant Williams had served him with the papers on April 7, 1965. They further refused to withdraw the garnishment.

The jury returned a verdict in favor of the appellant and against the respondents in the amount of Three Thousand Dollars ($3,000.00) actual damages and Forty-Five Hundred Dollars ($4,500.00) punitive damages, making a total aggregate judgment in the amount of Seventy-Five Hundred Dollars ($7,500.00). The respondents thereafter filed a motion for judgment in accordance with their motions for a directed verdict at the close of the plaintiff's case and at the close of the entire case, and this motion was subsequently sustained by the trial court and the verdict and judgment were set aside and vacated and judgment was entered by the trial court on behalf of both defendants. This motion was sustained on the grounds that under the law, the pleadings and the evidence, the plaintiff was not entitled to recover against defendants in this action. It is from this order of the trial court the appellant has filed a notice of appeal to this court.

The questions presented on this appeal are whether or not the appellant has stated a cause of action for a false return under the statute allowing a special Deputy Constable to be appointed at the request and risk of the respondents and whether or not there is evidence to support a submission of an alleged false return to the jury. In determining the sufficiency of the evidence to make a submissible case on an appeal from a judgment in favor of the plaintiff, all facts and reasonable inferences to be drawn from them must be viewed in the light most favorable to the plaintiff's case. Reese v. St. Louis Public Service Co., Mo. App., 368 S.W.2d 540. Section 517.100, RSMo, V.A.M.S. provides for the appointment of a special deputy designated by the plaintiff and for a person not being a party to the suit to execute the service of a summons. There must be an endorsement on the process to the effect that: "At the request and risk of the plaintiff, I (plaintiff) authorize _____ to execute this writ." It further provides that the person so empowered shall thereupon possess all the authority of a sheriff in relation to the service to such summons, and shall be subject to the same *obligations*, and shall receive the same fees for services, except mileage.

It has long been the rule in Missouri that a sheriff's return is conclusive upon the parties to the suit and the injured party must seek his remedy for false return against the sheriff on his bond. Majewski v. Bender, Mo.App., 237 S.W.2d 235; Johnson v. Wilson Estate, Mo.App., 256 S.W.2d 297. The statutes specifically provide that the special deputy shall be subject to the same obligations as that of a sheriff in relation to the service of such summons. A special deputy has been defined as "One appointed to exercise some special function or power of the official or person for whom he is appointed; one whose authority to act for his principal is limited to certain duties." 26A C.J.S. Deputy p. 496. Therefore, it would only logically follow that a special deputy appointed

under this section of the statute is an agent for the principal. The principal in this case was the Securities Credit Company and Circle Finance Company of St. Louis. In the case of Stegall v. American Pigment & Chemical Co., 150 Mo.App. 251, 130 S.W. 144, l.c. 150, reference was made to this statute in which it was stated as follows: "It is to be noted that section 3864 requires every constable, as well as 'every other person,' serving any process authorized by the article to make return thereof in writing as to the time and manner of service, so that this section covers the special constable as well as the regular constable or his deputy. Immediately following is section 3865 (page 2144), the section imposing a penalty for failure to execute any process and make due return thereof. It is limited to the constable alone, including, of course, the regularly appointed deputy of the constable, and the penalty could not, by any construction, be held to extend to the private person appointed as a special officer for service. This distinction is worthy of attention, as it emphasizes the point that the so-called 'special constable' is in no sense an officer, but is in law and in fact the agent of the party to the suit at whose instance, as well as at whose risk, he has been named, with very limited powers, namely, to serve such process as is covered by article 3 of chapter 43, and make return of 'the time and manner of service.'" Therefore, it is clear that Grant Williams, the special deputy appointed at the request of respondents, was an agent at the time the alleged service was obtained and the return made thereof. The statute further specifically provides that this appointment is made at the request and risk of the plaintiff. Certainly the legislative intent surrounding this language is very clear. It would necessarily follow then if a sheriff can be sued for a false return, the private party litigant whose agent made a false return can also be sued for damages in a similar cause of action. Therefore, when a false return is made it raises a cause of action for damages under the statute itself, either against the agent or special deputy or the principal that obtained his appointment.

We now look to the sufficiency of the evidence to support the jury's verdict. Plaintiff's petition alleged that on the 7th day of April, 1965 the defendants had a special deputy named Grant Williams appointed to summon plaintiff and that said special deputy made a written return that he left the summons with Mrs. Louise Moore, the wife of plaintiff, on the 7th day of April 1965. There was evidence to support this allegation. Paragraph Six of plaintiff's petition alleged that the defendants' special deputy did not serve a summons upon plaintiff nor his wife in any manner or any date and that the return by defendants' special deputy was false. Appellant testified that he was not served by the special deputy with any summons at any time; more particularly he was not served on April 7, 1965 and he further testified that his wife Louise, upon whom service was alleged to have been obtained, had been deceased for a period of fourteen months prior to April 7, 1965. Therefore there was evidence upon which to submit the issue to the jury as to whether or not the return made by the special deputy was false. Plaintiff's verdict directing instruction, which was numbered Instruction Number Two, read as follows: "Your verdict must be for the Plaintiff if you believe: First, that Defendants' deputy did not serve a summons upon Plaintiff or his wife, and, Second, Defendants' deputy made a return that Plaintiff or his wife was served a summons, and Third, Plaintiff was thereby damaged unless you believe that Plaintiff is not entitled to recover by reason of Instruction Number 3." Instruction Number Three, submitted by the defendants, required a verdict for the defendants if the jury believed that the plaintiff had notice and knowledge that a suit and judgment was obtained against him by the defendants, Securities Credit Company upon the note of John Hancock Institute. The cause was therefore submitted to the jury under the theory that the

special deputy had made a false return and that the plaintiff was damaged as a result of this false return. The jury found in favor of the plaintiff on this issue and returned an aggregate verdict in the amount of Seventy-Five Hundred Dollars ($7,-500.00) in favor of the plaintiff. All of the allegations of the plaintiff's petition surrounding a false return were supported by the evidence. Plaintiff's verdict directing instruction was supported by the evidence. It became a factual question for the jury to determine whether or not the special deputy did or did not serve a summons upon the appellant or his wife. The jury decided this in favor of the appellant. Therefore the court erred in sustaining the after-trial motion for judgment in accordance with the previous motion for directed verdict.

It would be rather ridiculous for the court to say that a cause of action exists against the sheriff on his bond for damages for false return, but that when a special deputy is appointed at the request and risk of the plaintiff that such cause of action ceases to exist. This, of course, is not and cannot be the law.

 Respondents contend that this case was tried as an action for damages for a malicious prosecution of garnishments. Respondents further contend that the appellant did not challenge the return of the special process and took no action to set aside the judgment or quash any of the garnishments and therefore he was estopped from proceeding in the manner in which he did. This contention is without merit. First of all, there was never any mention of the words "malicious prosecution" at any time. The elements required for a malicious prosecution case are set out in Bonzo v. Kroger Grocery & Baking Co., 344 Mo. 127, 125 S.W.2d 75, and Hughes v. Aetna Ins. Co., Mo., 261 S.W.2d 942. Those elements were not alleged on the instant case. M.A.I. Sec. 23.07 sets out an instruction to be used in all malicious prosecution cases. Such instruction was not used in the instant case. Under the pleadings, the evidence and the instructions, there is no conceivable way in which this case could be construed to have been tried as a case of a malicious prosecution. The pleadings, the evidence and the instructions all support a case of a false return being made by a special deputy.

The action of the trial court in sustaining the motion of defendants for judgment in accordance with their previous motions for directed verdict is hereby set aside. It is ordered that the verdict and judgment in favor of the plaintiff in the amount of Three Thousand Dollars ($3,000.00) actual damages and Forty-Five Hundred Dollars ($4,500.00) punitive damages is herein reinstated.

BRADY, P. J., and WOLFE, J., concur.

DOWD, J., not participating.