William H. O'NEILL, Plaintiff-Appellant,

v.

Richard H. WINCHESTER, Defendant-Respondent.

No. 35061.

Missouri Court of Appeals, St. Louis District, Division One.

Jan. 22, 1974.

W. Scott Pollard, Florissant, for plaintiff-appellant.

Ervin D. Davis, Robert M. Wohler, St. Charles, for defendant-respondent.

WEIER, Judge.

From a judgment denying the registration of a California judgment against the defendant, plaintiff appeals. The trial court, as grounds for its denial, determined that defendant was not personally served after the case was filed in California.[1] Plaintiff, on appeal, contends that the Missouri trial court erred because all of the credible evidence in the case proved that the defendant had been personally served with summons. The respondent, on the other hand, asserts that the trial court had authority to ascertain the validity of personal service upon which a foreign court's judgment is based to determine whether due process has been accorded to defendant. Further, the defendant supports the action of the trial court by stating that we should defer to the determination by the trial judge since he was best able to pass on the credibility of the witnesses.

▪ After the commencement of the action to register the judgment, defendant filed an answer to the petition in which he alleged that the California court was without jurisdiction of his person in that he was never present in that state so that personal service could be had on him; that he had never entered his appearance or authorized anyone else to enter his appearance in that court; and that the court could not, in any manner, have acquired jurisdiction

over him. Under the United States Constitution, Article IV, Section 1, we give full faith and credit to the judgments of sister states unless it can be shown that there was (1) a lack of jurisdiction over the subject matter, (2) a failure to give due notice, or (3) fraud in the concoction of the judgment. Scott v. Scott, 441 S.W. 2d 330, 332 [1] (Mo.1969). Defendant thus attacked the validity of the judgment under the second exception, that is, failure to give due notice.

In adducing evidence concerning the giving of notice, defendant was placed on the witness stand and interrogated by his counsel in regard to service. The only facts established by this questioning were that defendant was a resident of Missouri while the California case was pending, and at no time did he enter his appearance. Further, at no time did he authorize anyone to enter his appearance. On cross-examination, he testified that he did not recall ever having been served by a deputy sheriff of St. Charles County with a summons. The deputy sheriff who had made the return of summons in the California case had died prior to the trial of the registration case in Missouri, and the person in charge of the records in the sheriff's office was subpoenaed to bring in those records. They disclosed that a return was made by the officer, signed and sworn to before the custodian of the records, who was also a notary public, in which it was certified that service of the summons and complaint in the California action had been had "by handing to and leaving with defendant Richard H. Winchester at South I–70 Highway at Callahan Road, St. Charles County, Missouri, on the 7th day of September, 1971, at the hour of 11:25 A.M. o'clock."

▪ For his first point relied on, plaintiff asserts that the trial court erred in not giving conclusive effect to the deputy sheriff's return of service. The common law or verity rule that a sheriff's return of

1. No issue was raised that the California court lacked jurisdiction as to subject matter under the California "long arm" statute.

process is conclusive upon the parties to the suit has been the accepted rule in Missouri since Hallowell v. Page, 24 Mo. 590 (1857). An injured party must seek his remedy for false return against the sheriff on his bond. Moore v. Securities Credit Company, 475 S.W.2d 430, 432 [1, 2] (Mo.App.1971). To counter this, defendant contends that the California law must be followed. It provides that an officer's return on the service of process may be impeached, and the lack of proper service may be shown by contradictory evidence. City of Los Angeles v. Morgan, 105 Cal. App.2d 726, 234 P.2d 319, 322 [5] (1951). The defendant recognizes that California statutory law allows for service of process in the manner approved by foreign jurisdictions, where process is served outside the state. Cal.Code of Civil Procedure, § 413.10(b) (West 1973), but apparently has not considered the further provision of that code (§ 417.20(c)) which requires proof shall be made that a summons was served on a person outside the State of California "in the manner prescribed by the law of the place where the person is served * * *." If proof of service is thus made in accordance with Missouri law, and challenge to the judgment is made in Missouri based on failure of notice, then the Missouri verity rule applies in the Missouri proceeding attacking the validity of the judgment. Severson v. Dickinson, 216 Mo.App. 572, 259 S.W. 518, 521 [13] (1924).

■ Here the return of service on the summons issued by the California court was regular on its face, indicating the time, place, manner of service, and signed by the deputy sheriff who served the summons. Just as in Slivka v. Hackley, 418 S.W.2d 89, 91 [4] (Mo.1967), where, in speaking of the requirements of due process and the necessity of giving a defendant actual notice, the statement there made is appropriate here: "There should be no question here of service when made by a Missouri sheriff in his own county." [2]

■ We should further point out that even if the sheriff's return of service should not be given conclusive effect, the defendant still had the burden of showing lack of notice. Where a judgment is rendered by a court of record and of general jurisdiction, it is presumed the court had authority to render the judgment and exercised jurisdiction properly over the persons. Trumbull v. Trumbull, 393 S.W.2d 82, 88 [4] (Mo.App.1965). A party attacking a foreign judgment has the burden of overcoming the presumption of validity, unless the proceedings show on their face that the judgment is not entitled to that presumption. Scott v. Scott, *supra*, 441 S. W.2d, l. c. 333 [4] (Mo.1969). Nowhere did defendant state that he was not served with summons. Rather he stated that he did not recall being served with summons. This bare assertion on the defendant's part is not sufficient to overcome the evidence of the deputy sheriff's return which was regular on its face.

The judgment is reversed and the cause remanded with instructions to register the California judgment against the defendant.

SIMEONE, Acting P. J., and KELLY, J., concur.

2. In this case a judgment was obtained in Illinois against a Missouri resident, after service of process by a Missouri sheriff in Missouri.