**Oneila JACKSON, Respondent,**

v.

**MISSOURI RATING AND COLLECTION COMPANY, Appellant.**

**No. 36347.**

Missouri Court of Appeals, St. Louis District, Division Four.

May 18, 1976.

Sachs & Miller, P.C., Richard J. Fredrick, Clayton, for appellant.

Joseph S. McDuffie, Ray H. Williams, Clayton, for respondent.

SMITH, Chief Judge.

Defendant appeals from a judgment against it, following jury verdict, for $10,000 actual damages and $5,000 punitive damages. We reverse and remand for new trial.

Defendant is a collection agency. It instituted suit against plaintiff, a school teacher, in Magistrate Court, and allegedly served plaintiff through a special deputy appointed pursuant to Sec. 517.100 RSMo 1969. The return stated:

I hereby certify that I served the within summons by leaving on the 8th day of November, 1971, for each of the within-named defendants William and Onelia Jackson a copy of the summons at the respective usual place of abode of said defendants with some person of his or her family over the age of 15 years.

Defendant obtained a default judgment against plaintiff and subsequently sequestered funds from her employer, the St. Louis Board of Education.

Plaintiff's petition sought recovery upon allegations which could be read to include both malicious prosecution and false return of service. Plaintiff's verdict-direction instruction was MAI 23.07 (modified) and premised relief upon a theory of malicious prosecution. Such submission was unwarranted by the evidence, most notably because one of the constitutive elements of malicious prosecution requires termination of the prosecuted suit favorably to the present plaintiff. *Hughes v. Aetna Ins. Co.* 261 S.W.2d 942 (Mo.1953). That has not happened here. The Magistrate Court judgment against plaintiff is still extant.

It appears that plaintiff has misconceived her theory of recovery. In *Moore v. Securities Credit Company,* 475 S.W.2d 430 (Mo.App.1971) we upheld a cause of action against a principal for a false return by a special deputy appointed pursuant to Sec. 517.100, RSMo. 1969. Such a cause of action does not require that the judgment in the underlying suit be vacated. It rather finds its vitality in the very fact that a sheriff's return is conclusive on the parties in the original action, and that recovery for false return against the sheriff on his bond is the proper course of action. Under Sec. 517.100 and *Moore, supra,* such procedure is also available against the principal of the special deputy.

In *Moore* we set out the reasons for such a cause of action. It is difficult to conceive of a more pernicious evil than the misuse of the judicial system through false returns of process which deny a defendant his day in court, an opportunity to defend, and due process.

 Plaintiff submitted substantial evidence that she was not a resident of the house where the summons was served at the time of the alleged service. It was the residence of her brother, William, and had at one time been her residence, but she testified and produced additional evidence that she had moved prior to the date of service into St. Louis County. While defendant produced evidence intended to cast doubt on this element of plaintiff's proof, resolution of that question of fact is for the jury. Plaintiff's evidence established all of the elements necessary to support a cause of action for false return of process. Because, however, the jury was erroneously instructed a new trial must be granted. Plaintiff should be granted an opportunity to amend her petition to more clearly set forth her theory of recovery.

Judgment reversed and cause remanded for new trial.

ALDEN A. STOCKARD and NORWIN D. HOUSER, Special Judges.